1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10
11
12

UNITED STATES OF AMERICA,
et al.,

13

          Plaintiff/s,

14

      v.

15
16

AURORA LAS ENCINAS, LLC, et
al.,

17

          Defendant/s.

18
19
20

Case No. LA CV10-01031 JAK (RZx)

**ORDER ON JURY/COURT TRIAL**

**Final Pretrial Conference:**
**February 20, 2012 at 1:30 p.m.**

**Status Conference re Exhibits**
**March 2, 2012 at 3:00 p.m.**

**Jury Trial:**
**March 6, 2012 at 9:00 a.m.**

21
22
23

**A. SCHEDULING:**

24

    1. **In General**:  The last day for hearing on any motion to join other parties or to

25

amend the pleadings shall be specified in the Scheduling Order.  All unserved parties

26

shall be dismissed no later than the date set for the Final Pretrial Conference.

27
28

1

2. **Motions for Summary Judgment or Partial Summary Judgment**:  Motions for Summary Judgment or Partial Summary Judgment shall be heard no later than the last day for hearing motions, as set forth in the Scheduling Order.

3. **Settlement Procedures**:  It is the policy of the Court to encourage disposition of civil litigation by settlement when such is in the best interest of the parties.  The Court favors any reasonable means to accomplish this goal.  All settlement discussions shall be conducted in compliance with Local Rule 16-15.  Consistent with Local Rule 16-15.2, the Scheduling Order establishes a deadline for participation in settlement proceedings.  The parties must elect one of the settlement procedures outlined in Local Rule 16-15.4.   If the parties do not timely file a Notice of Settlement Procedure Selection, the Court may order the parties to participate in any of the settlement procedures set forth in the Local Rule.

4. **Discovery Cut-Off**:  The Scheduling Order establishes a cut-off date for discovery in this action.  This is not the date by which discovery requests must be served; it is the date by which all discovery is to be completed.  The Court will not approve stipulations between counsel that permit responses to be served after the cut-off date, except in extraordinary circumstances.

5. **Discovery Motions**:  Any motion respecting the inadequacy of responses to discovery must be filed and served not later than ten days after the discovery cut-off date.  Whenever possible, the Court expects counsel to resolve discovery issues among themselves in a courteous, reasonable, and professional manner.  Thus, the Court expects that counsel will strictly adhere to the Civility and Professional Guidelines adopted by the United States District Court for the Central District of California.

**B. FINAL PRETRIAL CONFERENCE**:

This case has been placed on calendar for a Final Pretrial Conference pursuant to Fed. R. Civ. P. 16.  Strict compliance with the requirements of the Federal Rules of Civil Procedure and the Local Rules is mandatory.  Counsel shall lodge carefully prepared

Memoranda of Contentions of Fact and Law (which may also serve as the parties'
respective trial briefs) and a Final Pretrial Conference Order in accordance with the
provisions of Local Rules 16-4 and 16-7.  The Memoranda of Contentions of Fact and
Law will be served no later than 21 calendar days before the Pretrial Conference.  The
Final Pretrial Conference Order will be lodged no later than 11 calendar days before the
Final Pretrial Conference.  The form of the Final Pretrial Conference Order will be in the
form set forth in Appendix A to the Local Rules.

**C. PREPARATION FOR TRIAL AND SCHEDULING EXHIBIT CONFERENCE THE FRIDAY BEFORE TRIAL**

The Court ORDERS that all counsel comply with the following rules in their
preparation for trial:

1. **Motions *In Limine***:  All motions *in limine* will be heard at the Final Pretrial
Conference.  The purpose of these motions is to alert the Court to significant evidentiary
issues that can be addressed and resolved prior to trial.  All motions *in limine* must be filed
and served in compliance with Local Rule 6-1.  Opposition papers must be filed and
served in compliance with Local Rule 7-9.  Reply papers must be filed and served in
compliance with Local Rule 7-10.

2. **Statement of the Case (Jury Trials)**:  Counsel will prepare a joint statement of
the case that may be read by the Court to the prospective panel of jurors prior to the
commencement of voir dire.  The statement should not be more than two or three
paragraphs.  The statement will be filed with the Court five court days before the Final
Pretrial Conference.  If counsel cannot agree on a statement, each shall submit a proposed
statement along with a red-line showing how each proposes to modify the other's proposed
statement.  In addition, both the proposed statements and the red-lines of such statements
shall also be sent in Word or Word Perfect to the Court at the following email address:
JAK_Chambers@cacd.uscourts.gov.  At the time of the Final Pretrial Conference, the
Court will confer with counsel with respect to the use of a Statement of the Case prior to

3

1  the commencement of voir dire and/or the use at that time of  a "mini opening" statement

2  by counsel for each party.  Each mini-opening statement will be for three to five minutes

3  and will summarize the evidence that each side intends to present..

4        3.  **Voir Dire (Jury Trials)**:  At least five court days before the Final Pretrial

5  Conference, each counsel shall file with the Court any special questions requested to be

6  posed by the Court to prospective jurors during voir dire.

7        4.  **Witness Lists**:  A witness list will be prepared in compliance with Local Rule

8  16-5.  The witness list will be filed no later than five court days prior to the Final Pretrial

9  Conference.  Counsel will submit the names of the witnesses in the order that they are

10  expected to testify, and will provide, to the extent possible, an accurate estimate of the

11  time needed for each witness for direct, cross, redirect and re-cross.  Counsel will also

12  provide a brief summary of each witness' testimony.  If more than one witness is offered

13  on the same subject, the summary should be sufficiently detailed to allow the Court to

14  determine if the testimony is cumulative.

15        Counsel shall set forth the information about the amount of time that is expected for

16  the testimony of each witness on a jointly-prepared document with five columns: (i) the

17  name of the witness; (ii) estimated time for direct examination (in hours, with portions

18  thereof stated in decimal form, *e.g.,* "1.5 hours," if the estimate is for one hour and 30

19  minutes) ; (iii) estimated time for cross-examination; (iv) estimated time for re-direct

20  examination; and (v) total time for the witness. At the bottom of each page the total time

21  for all witnesses on that page shall be stated, with the grand total of all time stated on the

22  final page of the chart.

23        5.  **Jury Instructions**: In a jury trial, jury instructions are to be filed no later than

24  five court days prior to the Final Pretrial Conference.  The parties must submit joint jury

25  instructions.  The parties shall meet and confer sufficiently far in advance of the required

26  submission date as part of a good faith effort to agree upon, and prepare, the joint jury

27

28                 4

1  instructions.  The instructions should be submitted in the order in which the parties wish to
2  have the instructions read.  This order should reflect a single organized sequence agreed to
3  by all of the parties.

4          In the event that agreement on all instructions cannot be reached, counsel will
5  submit four sets of instructions in the following format: (i) the agreed upon instructions;
6  and (ii) the instructions proposed by any party and opposed by any other party.  In
7  addition, counsel must submit electronic versions (in Word Perfect of Word) to the Court
8  at the following email address:  JAK_Chambers@cacd.uscourts.gov.  Instructions upon
9  which agreement cannot be reached should reflect the basic disagreements among the
10 parties as to the law.  For disputed instructions, a party should note its objections to a
11 proposed instruction and its reasons for putting forth its alternative on pages placed after
12 its own alternative instruction.

13         6.  **Verdict Form(s) in Jury Trials:** In a jury trial, proposed verdict form(s) are to
14 be filed no later than five court days prior to the Final Pretrial Conference.  The parties
15 shall meet and confer sufficiently in advance of the required submission date as part of a
16 good faith effort to agree upon, and prepare, any proposed verdict form(s).  In the event
17 that the parties cannot reach an agreement as to verdict form(s), each shall submit its
18 proposed form(s) no later than five court days prior to the Final Pretrial Conference.  At
19 that same time, each shall also submit a red-line showing how each proposes to modify the
20 other's proposed verdict form(s). In addition, both the proposed form(s) and the red-lines
21 of such form(s) shall also be sent in Word or Word Perfect to the Court at the following
22 email address: JAK_Chambers@cacd.uscourts.gov

23         7.  **Exhibits and Exhibit Conference**:

24                 a.         **Exhibit List**:  A joint exhibit list will be prepared in compliance with
25 the example below and Local Rule 16-6.

26
27
28                                             5

| | **JOINT EXHIBIT LIST** | | | | |
|---|---|---|---|---|---|
| Case Name: | | | | | |
| Case Number: | | | | | |
| No. of Exhibit | Description | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
| | | | | | |

The joint exhibit list will contain the information required by F.R.Civ.P. 26(a)(3)(A). The joint exhibit list will be filed no later than five court days prior to the Final Pretrial Conference. In order to produce the joint exhibit list, the parties will meet and confer sufficiently in advance of the required submission date. As part of the meet and confer process, counsel will stipulate so far as is possible as to foundation, waiver of the best evidence rule, and to those exhibits which may be received into evidence at the start of trial. The exhibits to be so received will be noted on the extra copies of the exhibit lists.

b. **Exhibit Preparation**: All exhibits will be placed in loose leaf binders that are tabbed on the right side with exhibit numbers. The spine of the notebook is to be marked with the case name and number and the numbers of the exhibits contained therein. The notebooks are to be prepared with an original for the Courtroom Deputy Clerk (which will be tagged with the appropriate exhibit tags in the upper right-hand corner of the first page of each exhibit) and one copy for the Court. Each notebook will contain a list of the included exhibits. The exhibits are to be numbered in accordance with Local Rule 26-3.

c. **Exhibit Conference**: AN EXHIBIT CONFERENCE REQUIRING THE ATTENDANCE OF TRIAL COUNSEL WILL BE HELD AT 3:00 P.M. ON THE FRIDAY BEFORE THE SCHEDULED TRIAL DATE IN COURTROOM 750, UNLESS THE COURT ORDERS OTHERWISE. Exhibits are to be submitted to the Courtroom Deputy Clerk at the time of the exhibit conference.

8. **(Court Trials): Findings of Fact and Conclusions of Law; Declarations**: For any matter requiring findings of fact and conclusions of law, counsel for each party shall lodge and serve proposed findings of fact and conclusions of law as promptly as possible in compliance with Local Rule 52.  In addition, counsel must submit electronic versions (in Word or Word Perfect) to the Court at the following email address: JAK_Chambers@cacd.uscourts.gov.  When ordered by the Court in a particular case, each party shall, at least five court days prior to the trial, file declarations containing the direct testimony of each witness whom that party intends to call at trial.  If such declarations are filed, each party shall file any evidentiary objections to the declaration(s) submitted by any other party at least two court days prior to the trial.  If any party submits such objections, they shall be submitted in the following three-column format: (I) the left column should contain a verbatim quote of each statement objected to (including page and line number); (ii) the middle column should set forth a concise objection (e.g., hearsay, lacks foundation, etc.) with a citation to the Federal Rules of Evidence or, where applicable, a case citation; and (iii) the right column should provide space for the Court's entry of its ruling on the objection.

**D. ATTORNEY AND PARTY CONDUCT AT TRIAL**:

1. **Trial Schedule**:  Unless otherwise ordered, trials will be held on Tuesdays through Fridays from 9:00 a.m. to 12:00 p.m. and 1:00 p.m. to 4:00 p.m. with a 15-minute break during each session. This schedule may be changed for each trial and during each trial depending on the Court's determination based on the scheduling needs of jurors, witnesses, counsel or the Court.

2. **Trial Conduct**:

a.    **Jury Selection**

1. The Court will seat as prospective jurors the same number of jurors who will serve at trial.  The Court will conduct voir dire of this panel, which may

7

1   include questions proposed by counsel.  The Court may permit limited voir dire by counsel

2   where it is shown to the Court that it is necessary.  After any potential juror is excused for

3   cause, a replacement juror will be placed in the vacant seat and will respond to voir dire.

4   Once a panel is in place to which there are no remaining or unadjudicated "for cause"

5   challenges, counsel for each side will be permitted to exercise their respective peremptory

6   challenge(s) through the Court.  Upon the exercise of a peremptory challenge, a

7   replacement juror will be seated, will respond to voir dire and will be subject to a "for

8   cause" challenge before any remaining peremptory challenge is exercised.

9                        b.      **Opening Statements, Examining Witnesses, and Summation**

10                        1.  At the end of each day, counsel presenting his or her case shall

11  advise opposing counsel of the witnesses expected to testify the following day with an

12  estimate of the length of direct examination for each witness.  Opposing counsel shall

13  provide an estimate of the length of cross-examination for each witness. Cooperation of

14  counsel will ensure a smooth flow of witnesses.  It is the responsibility of all counsel to

15  arrange the appearance of witnesses in order to avoid delay.

16                        2.  Opening statements, examination of witnesses, and summation

17  will be from the lectern only.  Counsel must not consume time by writing out words or

18  drawing charts or diagrams.  Counsel may do so in advance and explain that the item was

19  prepared earlier to save time as ordered by the Court.

20                        3.  The Court will honor reasonable time estimates for opening and

21  closing presentations to the jury.

22                        4.  In jury trials, where a party has more than one lawyer, only one

23  may conduct the direct or cross-examination of a given witness.

24                        5.  If a witness is on the stand when a recess is taken, it is counsel's

25  duty to have the witness back on the stand, ready to proceed, when the court session

26  resumes.

27

28                                                   8

1          6.  If a witness was on the stand at adjournment, it is counsel's duty to

2    have the witness adjacent to, but not on, the stand, ready to proceed when the court session

3    resumes.

4          7.  It is counsel's duty to notify the Courtroom Deputy Clerk in

5    advance if any witness should be accommodated in an appropriate manner due to any

6    disability or other physical need.

7          8.  The Court attempts to accommodate physicians, scientists, and all

8    other professional witnesses and will, except in extraordinary circumstances, permit them

9    to testify out of order.  The Court may do the same with respect to non-party witnesses

10   who have work commitments.  Counsel must anticipate any such possibility and discuss it

11   with opposing counsel.  If there is objection to having a particular witness called out of

12   order, counsel shall confer with the Court in advance.

13         c.    **Objections and General Decorum**

14         1.  When objecting, counsel must rise to state the objection and state

15   only that counsel objects and the legal ground of objection.  If counsel wishes to argue an

16   objection further, counsel must ask for permission to do so; the Court may or may not

17   grant a request for conference at sidebar.  The Court strongly discourages sidebars because

18   they cause an inefficient use of jury time.  Instead, evidentiary issues should be anticipated

19   in advance of trial and should be addressed through motions in limine and/or in connection

20   with the rulings on exhibits.

21         2.  Counsel must not approach the Courtroom Deputy Clerk or the

22   witness stand without specific permission.  When permission is given, counsel shall return

23   to the lectern when the purpose of the permission is finished.  Counsel must not engage in

24   questioning a witness at the witness stand absent specific approval by the Court.

25         3.  Counsel must address all remarks to the Court.  Counsel are not to

26   address the Courtroom Deputy Clerk, the Reporter, persons in the audience, or opposing

27

28

1 counsel.  If counsel wishes to speak with opposing counsel, counsel must ask permission
2 to talk off the record.  Any request for the re-reading of questions or answers shall be
3 addressed to the Court, not to the court reporter.

4          4.  Counsel must not make an offer of stipulation unless counsel
5 already has conferred with opposing counsel and has reason to believe the stipulation will
6 be acceptable.

7          5.  On the first day of trial counsel shall advise the Court of any
8 commitments that may result in counsel's absence or late arrival on any day of the trial.

9          d.   **Exhibits**

10          1.  Each counsel should keep counsel's own list of exhibits and
11 should keep track when each has been admitted in evidence.

12          2.  Each counsel is responsible for any exhibits that counsel secures
13 from the Courtroom Deputy Clerk and, during all recesses and noontime and afternoon
14 adjournments, counsel must return all exhibits in counsel's possession to the Courtroom
15 Deputy Clerk.

16          3.  An exhibit not previously marked should, at the time of its first
17 mention, be accompanied by a request that the Courtroom Deputy Clerk mark it for
18 identification.  To save time, counsel must show a new exhibit to opposing counsel before
19 it is mentioned in Court.

20          4.  Counsel should move exhibits into evidence as soon as
21 admissibility is established, while they are freshly in the minds of all participants.  If there
22 is an objection, the motion to admit will be dealt with at the next available recess.  In jury
23 trials, no exhibit shall be read or displayed to the jury until admitted absent a pre-trial
24 stipulation by counsel or a ruling by the Court at the Exhibit Conference.

25          5.  Absent unusual circumstances, counsel must not ask witnesses to
26 draw charts or diagrams nor ask the Court's permission for a witness to do so.  If counsel

27

28                                        10

1    wishes to question a witness in connection with graphic aids, the material must be fully
2    prepared before the court session starts.

3              e.      **Depositions**:

4                      1.  All depositions that will be used in the trial, either as evidence or
5    for impeachment, must be signed and lodged with the Courtroom Deputy Clerk on the first
6    day of trial or such earlier date as the Court may order.  For any deposition in which
7    counsel is interested, counsel should check with the Courtroom Deputy Clerk to confirm
8    that the Courtroom Deputy Clerk has the transcript and that the transcript is properly
9    signed.

10                     2.  In using depositions for impeachment, counsel shall first announce
11   both the beginning and ending page and line references of the passage desired to be read,
12   and allow opposing counsel an opportunity to state any objection.  If an objection is made,
13   counsel shall await a ruling before proceeding. In addition, counsel who has not requested
14   the reading, shall advise the Court whether counsel requests a ruling as to any objection(s)
15   made on the record or reserved during the deposition testimony at issue.  In reading
16   deposition testimony, counsel shall use one of the following procedures:

17                     a.  If counsel wishes to read the questions and answers as
18   alleged impeachment and ask the witness no further questions on that subject, counsel may
19   merely read the relevant portions of the deposition into the record.

20                     b. If counsel wishes to ask the witness further questions on the
21   subject matter (this does not include a question whether the witness's testimony has
22   changed between deposition and trial) the deposition is placed in front of the witness and
23   the witness is told to read silently the pages and lines involved.  Then counsel may either
24   ask the witness further questions on the matter and thereafter read the quotations or read
25   the quotations and thereafter ask further questions.  Counsel should have an extra copy of
26   the deposition for this purpose.

27

28                                                    11

3.   Where a witness is absent and the witness' testimony is offered by deposition, please observe the following procedure.  A reader should occupy the witness chair and read the testimony of the witness while the examining lawyer asks the questions.

      f.   **Advance Notice of Evidentiary or Difficult Questions**

If during trial counsel has reason to anticipate that a difficult and unexpected question of law or evidence will raise legal argument, requiring research and/or briefing, counsel must give the Court advance notice.  Counsel are directed to notify the Courtroom Deputy Clerk at the day's adjournment if an unexpected legal issue arises that could not have been foreseen and addressed by a motion *in limine* (*see* Fed. R. Evid. 103).  To the maximum extent possible such matters shall be taken outside normal trial hours (*e.g.*, recess, before or after the trial day).

The Courtroom Deputy Clerk is ordered to serve a copy of this Order on counsel/parties in this action.

**IT IS SO ORDERED.**

Dated: May 31, 2011

_____
JOHN A. KRONSTADT
United States District Judge

12