**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.,* SHELBY EIDSON, <br><br> Plaintiffs <br><br> vs. <br><br> AURORA LAS ENCINAS, LLC, et al., <br><br> Defendants. | CASE NO. CV 10-01031 JAK (RZx) <br><br> ORDER ON DISCOVERY MOTIONS |

This matter comes before the Court on three motions: Plaintiff's motion to compel further responses to request for production of documents [Doc #147]; Defendants' motion to compel return of documents [Doc #142]; Defendants' motion to compel further production of documents [Doc #142]. The Court finds that oral argument will not materially advance the resolution of these motions. Indeed, it is apparent that the parties have not attempted appropriately to resolve the underlying disputes themselves, have not presented much of the material in a fashion that frames the issues for decision by the Court, and have not done what was necessary to address the matters suggested by the District Judge. The Court will endeavor to rule on as much as it can, given that the parties, for the most part, have not followed the Joint Stipulation process that is required by Local Rule 37. The hearings set for January 23, 2012 are vacated. FED. R. CIV. P. 78; L.R. 7-15.

<u>Plaintiff's Motion to Compel</u>

As to Nos. 3, 4, 5, 6, 7, 8, 9, 10, 13, 14, 15, 17, 29, 30, 35, 36, 38, 39, 43, 45, 46, 49, 59:

No objections are stated by Defendants in the Joint Stipulation. In fact, Defendants state that they will produce responsive documents. The Court gathers, however, that the Defendants have not done so. Since the Defendants do not offer any excuse for non-compliance, they are ordered to comply.

Plaintiff implies that there is some issue as to who pays for the production, but the Court cannot rule on that since it was not framed as an issue for decision. The rules provide, of course, that the responding party is to produce the documents as they are kept in the normal course of business, or organized to respond to the particular categories, and that the propounding party is entitled to inspect and copy them. The Court assumes that counsel of the sophistication appearing here can figure out how to arrange for inspection and copying.

As to Nos. 1, 2, 18, 20, 21, 22, 23, 24, 25, 26, and 31:

The Court is unable to issue any meaningful ruling here, because the parties have not followed Rule 37-2.1, which requires the parties, following *each* discovery matter in dispute, to set forth their opposing contentions. The Court will not rule in the abstract on complicated privilege issues, or whether some requests included among a whole list of document requests are overbroad. The motion therefore is denied without prejudice as to these requests.

As to Nos. 11, 12, 41 and 42:

The relevance objection is not maintained in the Joint Stipulation. The objection therefore is overruled. The burdensomeness objection is not developed in Defendant's argument in the Joint Stipulation; there is no showing of how compliance with

the requests would be burdensome. The burdensomeness objection therefore also is overruled, and the motion is granted as to these requests.

As to No. 54:

The objection of burdensomeness is not developed in the Joint Stipulation. Therefore, the motion is granted as to this request.

### Defendants' Motion to Compel Return of Documents

The Court will not engage in an abstract exegesis of the complicated and abstruse privileges that the parties discuss. That a document may or may not be privileged does not mean that the Plaintiff should return it. The key question is whether the Plaintiff wrongfully obtained the documents, no matter what the intent. That question is not developed with a record that would allow the Court to rule, and the Court will not search out other documents on the docket, as the parties occasionally suggest, in an effort to put together the clash of issues that the parties should have fashioned themselves.

The motion is denied without prejudice.

### Defendants' Motion to Compel Further Production of Documents

The parties have not proceeded in a way that makes it possible for the Court to rule meaningfully. Rather than follow the Rule's requirement of setting out each request, objection, and opposing arguments *seriatim*, the moving party has set out its argument and the opposing party, in its opposition, has simply provided a supplemental response and asserted that doing so takes care of everything. This is certainly a situation where following the dictates of the rule would have helped. The Court denies the motion without prejudice; the parties are free to follow the rule, and meet and see if the supplemental response does, in fact, cure any asserted problems. If not, they can formulate a proper joint stipulation.

If the parties felt that Judge Kronstadt's order did not give them sufficient time to follow the Rule 37 procedures, or felt that there was some ambiguity in his order, then the parties should have taken steps to rectify the problem. Putting the material before this Court in a way that does not allow for sound resolution is not the solution.

The Court notes that counsel and Judge Kronstadt evidently discussed, at the last status conference, questions of privilege and the need for a protective order. No party has brought a motion for a protective order before this Court.

DATED: January 19, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE