COLLEEN FLYNN, SBN 234281
  *cflynnlaw@yahoo.com*
ATTORNEY AT LAW
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA 90010
Telephone: (213) 252-9444
Facsimile:  (213) 252-0091

PAULA D. PEARLMAN, SBN 109038
  *Paula.pearlman@lls.edu*
SHAWNA L. PARKS, SBN 208301
  *Shawna.parks@lls.edu*
REBECCA CRAEMER, SBN 274276
  *Rebecca.Craemer@lls.edu*
DISABILITY RIGHTS LEGAL CENTER
800 S. Figueroa Street, Suite 1120
Los Angeles, California 90017
Telephone: (213) 736-1496
Facsimile:  (213) 736-1428

MARK A. KLEIMAN, SBN 115919
  *mkleiman@quitam.org*
LAW OFFICES OF MARK ALLEN KLEIMAN
2907 Stanford Avenue
Venice, CA 90292
Telephone: (310) 306-8094
Facsimile:  (310) 306-8491

Attorneys for Plaintiff/Relator

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES of AMERICA and THE STATE of CALIFORNIA, *ex rel.,* SHELBY EIDSON,<br><br>*Plaintiffs,*<br><br>v.<br><br>AURORA LAS ENCINAS LLC, , SIGNATURE HEALTHCARE SERVICES LLC, LINDA PARKS,<br><br>*Defendants.* | CASE NO.:  2:10-cv-1031 JAK (RZx)<br><br>**DISCOVERY MATTER**<br><br>**[Proposed] Order Regarding Stipulated Protective Order**<br><br>(*Judge Ralph Zarefsky*) |

**DENIED**

BY ORDER OF THE COURT

Upon consideration of the Parties' Stipulated Protective Order dated January 20, 2012 ("Protective Order"), and finding good cause thereon, IT IS HEREBY ORDERED that the following Protective Order shall govern the handling and disclosure of documents, things and information produced in this action:

**Stipulation and Protective Order Regarding the Disclosure of Confidential Documents, Things and Information**

Defendants Aurora Las Encinas LLC, Signature Healthcare Services LLC; Linda Parks (hereinafter "the Defendants") and Plaintiff Ms. Shelby Eidson (hereinafter "Plaintiff" and jointly with the Defendants, "the Parties") agree that discovery in the above-referenced action ("Action") may require the disclosure of documents, things, and information in the possession, custody, or control of the parties. The parties agree that such discovery may require the disclosure of certain documents, information, or testimony which could contain or concern confidential, proprietary, or private information (the "Confidential Information"). The parties hereby stipulate to and petition this Court to enter the following stipulated Protective Order.

The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords extends only to the limited Confidential Information that is entitled under the applicable legal principles to treatment as Confidential. It is agreed that the following provisions govern the handling and disclosure of Confidential Information, including documents.

Additionally, the parties acknowledge that this Protective Order does not apply to documents covered by the psychotherapist/patient privilege or the substance abuse act privilege, the application of these two privileges being separately addressed at a later time by Judge Zaresky.

**Disclosure and Custody of Confidential Information**

Production of Confidential Information hereinafter specified shall take place once the parties have agreed to this stipulated Protective Order, and shall proceed in the following manner:

a) In connection with discovery proceedings in this action, the parties may designate any document, part of a document, or portion of deposition testimony as Confidential under the terms of this Protective Order where such items of discovery contain Confidential Information;

b) Copies of all Confidential Information produced by the parties shall be stamped or otherwise marked as "CONFIDENTIAL, SUBJECT TO COURT ORDER" or a form of similar effect;

c) All parties, their counsel, agents, and other Qualified Persons herein shall be subject to the Protective Order for purposes of the dissemination of Confidential Information;

d) Any other persons who wish to view Confidential Information must first receive the written approval of the parties and agree to the terms and conditions set forth in the Inspection and Viewing Record Agreement attached hereto as Exhibit A;

e) Portions of testimony taken at a deposition may be designated as Confidential by either party by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter taking and transcribing such proceedings to separately bind such portions of the transcript containing information designated as Confidential, and to label such portions appropriately;

f) This Protective Order shall not limit the use, reliance, or admission of any Confidential Information at trial;

g) This Protective Order shall survive the final termination of this action, to the extent that the Confidential Information is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use

of information disclosed hereunder; and

    h)    The parties hereby agree to abide by the terms of this stipulated Protective Order pending the Court's Order.

**Definition and Designation of "Confidential Information"**

The term "Confidential Information" shall mean any document, thing, or information described above, and stamped or otherwise marked as "CONFIDENTIAL, SUBJECT TO COURT ORDER" and produced by the parties in this Action.

Any party to this Action may designate information as Confidential in the exercise of good faith belief that such information may reasonably be considered Confidential Information under the terms of this stipulated Protective Order. Each producing party that designates information as Confidential Information must take care to limit any such designation to materials that qualify under the standards set forth herein. A party producing information shall not designate information for protection under this Protective Order where such designation is clearly unjustified or made for an improper purpose. Any designation of information as Confidential Information must be made at the time of disclosure, production, or testimony; otherwise, it shall be waived.

**Dispute Resolution Procedure**

Should a party disagree with the confidential designation of any document and/or information, that party will first meet and confer in good faith with the other parties regarding the documents and/or information to be challenged. If no agreement is reached, then any party shall be entitled to bring a motion to obtain a determination as to whether particular Confidential Information is, in fact legally privileged or confidential and to remove the protective order as to that particular document and / or information.

**Persons Authorized to Take Custody**

Confidential Information produced pursuant to this Order may be disclosed or made available to only the Court, counsel for a party (including the paralegal, clerical,

law externs, legal volunteers, and secretarial staff employed by such counsel), and "Qualified Persons" designated below:

    a) A named party, or an officer, director, or managing agent of a named party, who may be deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    b) Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    c) Court reporter(s) employed by this action; and

    d) Any arbitrators or mediators mutually agreed upon by the parties.

**Inspection and Viewing Record Agreement**

No person, other than those identified in Section IV, shall be allowed or authorized to examine Confidential Information, or to discuss the contents of thereof, until such person has:

    (1) Read this stipulated Protective Order; and

    (2) Completed and signed the "Inspection and Viewing Record Agreement" attached hereto as Exhibit A.

Each person who reads this stipulated Protective Order and signs the "Inspection and Viewing Record Agreement" signifies their agreement to the stipulated Protective Order's provisions and contents, and submits to the jurisdiction of this Court over his or her person for any proceedings involving alleged improper disclosures of Confidential Information.

**Non-Disclosure**

No person authorized hereunder to view the Confidential Information may disclose any portion of the subject matter or contents of the Confidential Information to any person not authorized hereunder.

**Non-Dissemination**

The contents, copies of, or notes arising from the examination of Confidential Information, as well as discussions of the contents thereof, shall be used only in

connection with this Action.

**Court Procedures**

If either party proposes to file any document labeled "CONFIDENTIAL, SUBJECT TO COURT ORDER" pursuant to this stipulated Protective Order, the party shall submit the material to the Court for filing under seal, complying with Local Rule 79-5. This Stipulated Protective Order shall constitute the required order under Local Rule 79-5 for purposes of filing under seal. If a document is proposed to be filed under seal, where possible, only the portions of filings containing Confidential Information shall be filed with the Court under seal. Nothing herein is intended to preclude any party from filing pleadings with the Court that refer to information filed under seal pursuant to this section.

**Non-Waiver**

The production of the Confidential Information for inspection, viewing and custody shall not constitute a waiver of any party's right to claim in this lawsuit or otherwise, that said Confidential Information is privileged, confidential, or otherwise non-discoverable or admissible.

The agreement of the parties to the Protective Order shall not be construed as a binding agreement or admission that any Confidential Information designated as Confidential is, in fact, Confidential. Each party expressly reserves all rights to challenge as improper the designation by the other of information as Confidential Information. Until such time as the dispute is resolved by agreement or order of the Court, however, the Confidential Information shall be treated as if the designation were valid.

**Duration of Protective Order and Retention of Documents**

This protective order will remain in effect until such time as the materials containing confidential information are returned to the disclosing party. When the materials are returned to the producing party, all records, including copies, are to be

returned to the original disclosing party. The party that received the confidential materials will not retain any confidential documents or copies of those documents.

**Counterparts**

This Protective Order may be executed in one or more counterparts, all of which together shall constitute one and the same document. Facsimile signatures shall be deemed to be of the same force and effect as originals.

**************

Fed. R. Civ. P. 26(c) requires a showing of good cause for the entry of a protective order, and the Court must find good cause even if the parties have stipulated to the existence of a protective order. *Jepson Inc. v. Makita Electric Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994). "To establish 'good cause' for a protective order under [Federal Rule of Civil Procedure] 26(c), '[t]he courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements...'" *In re Halkin,* 598 F.2d 176, 193 (D.C. Cir. 1979) (*quoting* 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035, p. 265 (1970), cited with approval in *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 n. 15 (1981). No such showing has been made here.

The requested order is denied. The parties may, of course, enter into a stipulation among themselves, without a court order, so long as court deadlines are not affected. Fed. R. Civ. P. 29.

DATED: February 8, 2012    _____
                            Honorable Ralph Zarefsky
                            United States District Court