O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.,* SHELBY EIDSON,<br><br>　　　　　　　　Plaintiffs<br><br>　　vs.<br><br>AURORA LAS ENCINAS, LLC, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. CV 10-01031 JAK (RZx)<br><br>ORDER ON DISCOVERY MOTIONS |

　　　　This matter came before the Court on April 23, 2012 on three motions.

　　　　A.　Plaintiff, Relator Shirley Eidson, moved for a "court order for (1) Defendants to Issue Notice to Eligible Patients; (2) Provide Opportunity For Eligible Patients to Respond; (3) Protective Order Governing All Parties; (4) Compel Discovery From Defendants." [Doc 198]

　　　　B.　Defendants Aurora Las Encinas and Signature Health Care Services moved "To Compel Plaintiff to Return Defendants' Improperly Obtained Documents." [Doc 169]

　　　　C.　Defendant Linda Parks moved "To Compel Relator's Compliance With Federal Requirements for Obtaining Patient Consent For the Disclosure of Medical Records." [Doc 168]

Plaintiff appeared through her counsel Colleen Flynn and Rebecca Craemer; Defendants Aurora Las Encinas and Signature Healthcare Services appeared through their counsel Alan G. Gilchrist and Debra A. Spicer; Defendant Parks appeared through her counsel Patric Hooper. The Court heard argument of counsel and took the matter under submission.

### A.     Plaintiff's Motion

Plaintiff's motion, like the other motions, depends upon a reading of the laws concerning medical patients, superimposed upon the allegations of Plaintiff's Fourth Amended Complaint. The starting point is the nature of the Defendant, Las Encinas. It is not a general hospital, but a specialized one, treating only psychiatric and substance abuse patients. Since it treats substance abuse patients, the records of many of its patients are regulated by the Public Health Service Act, codified in 42 U.S.C. § 290ee-3 for drug abuse records and in 42 U.S.C. § 290dd-2 for alcohol abuse records. These sections of the Act are reproduced verbatim in the Code of Federal Regulations, 42 C.F.R. §§ 2.1 and 2.2.

These statutes make the records confidential, and the protection is quite extensive: confidentiality extends to the records of "the identity, diagnosis, prognosis or treatment." Other than for certain military situations, such records can be disclosed only in three contexts. First, they may be disclosed with the patient's consent. Second, they may be disclosed, with or without the patient's consent, when necessary for medical personnel to meet an emergency, or for personnel to conduct research or perform audits. Finally, they may be disclosed, with or without the patient's consent, if authorized by court order, issued after application and upon a showing of good cause. 42 U.S.C. § 290ee-3(b); 42 U.S.C. § 290dd-3(b).

The statutes also authorize the Secretary of Health and Human Services to promulgate regulations, and those regulations "may contain such definitions, and may provide for such safeguards and procedures, including procedures and criteria for the issuance and scope of [court orders for disclosure] as in the judgment of the Secretary are

necessary or proper to effectuate the purposes of this section, to prevent circumvention or evasion thereof, or to facilitate compliance therewith." 42 U.S.C. § 290ee-3(g); 42 U.S.C. § 290dd-3(g). The regulations to implement the statutory directives appear in 42 C.F.R. §§ 2.1-2.67.

### 1. Two Kinds of Court Orders: An Order Authorizing Disclosure and An Order Compelling Disclosure

Under the statutes, Las Encinas *cannot* disclose patient records without either patient consent or a court order. Moreover, under the regulations, a court order that *authorizes* disclosure nevertheless does not *compel* Las Encinas to disclose records; it merely frees Las Encinas from the adverse consequences of disclosure, including criminal liability. Thus, the regulations provide:

> An order of a court of competent jurisdiction entered under this subpart is a unique kind of court order. Its only purpose is to authorize a disclosure or use of patient information which would otherwise be prohibited by 42 U.S.C. 290ee-3, 42 U.S.C. 290dd-3 and these regulations. Such an order does not compel disclosure. A subpoena or a similar legal mandate must be issued in order to compel disclosure. This mandate may be entered at the same time as and accompany an authorizing court order entered under these regulations.

42 C.F.R. § 2.61(a). *See also* 42 C.F.R. § 2.3(b) (a circumstance which removes the bar against disclosure does not compel disclosure; "the regulations do not require disclosure under any circumstance.").

The first two parts of Plaintiff's motion address an order authorizing, but not compelling disclosure. In those two portions, Plaintiff moves for an order that Las Encinas

1  issue notice to eligible patients, and that those patients be given an opportunity to respond.
2  The fourth part of Plaintiff's motion, however, goes beyond an order *authorizing*
3  disclosure; there, Plaintiff asks that the Court issue an order for Las Encinas "to respond
4  to all the Relator's outstanding production requests, subject to notice and a response time
5  for Public Health Service Act records."  This would, if granted, produce an order that
6  would function as the equivalent of a subpoena; it would be an order (in the language of
7  the regulation, "a legal mandate") *compelling* disclosure, in addition to the order
8  *authorizing* the disclosure of the records.  The motion for an order compelling disclosure
9  is evaluated like any other discovery motion, testing requests for production against
10 objections of relevance, overbreadth or any other legal objection that might have been
11 made.  The motion for an order authorizing disclosure, on the other hand, is evaluated on
12 the basis of whether the Plaintiff has shown good cause for such an order, under the rubric
13 set forth in 42 U.S.C. § 290ee-3(b)(2)(c) and 42 U.S.C. § 290dd-3(b)(2)(c), and following
14 the procedure and the criteria set forth in the implementing regulation, 42 U.S.C. § 2.64.

16              2.    The Contours of An Order Authorizing Disclosure

17            First things first, then.  Should the Court issue an order authorizing Las
18 Encinas to disclose records of substance abuse patients? Inasmuch as any order authorizing
19 disclosure in this case would be a prerequisite to an order compelling production under the
20 discovery rules, the discovery rules cabin in the nature of any order authorizing disclosure.
21 That is, the contours of the order authorizing disclosure have to be defined, at the
22 outermost, by the pleadings, for in this lawsuit there can be no justification for disclosure
23 if, at a minimum, the disclosure does not bear a relationship to the pleadings.

24            Plaintiff sues under the federal False Claims Act, 31 U.S.C. § 3729 *et seq.*, and
25 its state analogue, the California False Claims Act, CAL. GOVT. CODE § 12651 *et seq*.  She
26 asserts, as a *qui tam* party, that Las Encinas has defrauded the Government.  She also
27 asserts that Las Encinas has retaliated against her and her mother because she complained
28 of the alleged fraud.

A claim under the False Claims Act must be pleaded in accordance with FED. R. CIV. P. 9(b). *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001). Therefore, the Court must look to the Fourth Amended Complaint, under the law construing Rule 9(b), to see what is at issue. Although Plaintiff by this motion ultimately seeks to have produced all documents from all eligible patients from 2003 to the present, this is a demand that far exceeds a tenable reading of the Fourth Amended Complaint as that pleading must be construed in accordance with FED. R. CIV. P. 9(b). Plaintiff is not an auditor of the program, a position which would allow her access to the full scope of the records, *see* 42 C.F.R. § 2.61(b). Plaintiff is, instead, bound by the allegations of the Complaint that are pled with particularity.

In the context of a False Claims Act case, Rule 9(b) requires pleading the "who, what, when, where and how of the misconduct charged. In addition, the plaintiff must set forth what is false or misleading about a statement, and why it is false." *Ebeid v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The relator also must supply reasonable indicia that false claims actually were submitted. *Id.*, 616 F.3d at 999.

The present motion, of course, does not challenge the pleadings. However, the pleadings nevertheless define the scope of the present discovery, for discovery is limited to relevant evidence, which the rules define as evidence that is relevant to the claims and defenses of the parties. FED. R. CIV. P. 26 (b). The discovery Plaintiff has propounded would require contact with all Las Encinas patients for a period of nine years, on the assertion that, by giving examples of problems, Plaintiff is entitled to discovery pertaining to all the patients. This would be a hugely burdensome task, and multiply any risks that patients' privacy would be compromised, and the efficacy of the treatment programs undermined.

Plaintiff seeks to avoid the burden that her interpretation would require by suggesting the use of sampling, but, to use a tired but apt phrase, this truly puts the cart before the horse. Sampling assumes a normal distribution, such that a sample confidently

can be said to be representative of the whole. One cannot assume, however, that all records are fraudulent such that a sample that shows (or does not show) fraud is representative of the other records; if it shows fraud, it may just show fraud as to itself. Moreover, Plaintiff has not pled — nor, the Court suspects, could she, consistent with FED. R. CIV. P. 11 — that all statements submitted by Las Encinas to the Government have been false.

The Court therefore is left with the parts of the Complaint that Plaintiff *does* plead with particularity, and those are the parts that identify particular patients by alias designations. As to those, Plaintiff asserts that Las Encinas provided "worthless services," with the implication that, in charging for the services, Las Encinas made false statements. Hence, disclosure, if any is to be allowed, shall be limited to records concerning the patients Plaintiff has referred to in the Fourth Amended Complaint by alias designations.

### 3. The Procedure for Determining Whether The Court Should Authorize Disclosure of Patient Records

Having determined that any order *allowing* disclosure would be limited, at most, to the records of patients referenced in the Fourth Amended Complaint, the Court next must determine whether in fact it should issue such an order. The procedure for determining whether to issue an order allowing disclosure is set forth in 42 C.F.R. § 2.64. Before the Court can determine whether to issue such an order, notice first must be given to the patient whose records might be disclosed, and that patient must be given an opportunity to respond. Thus, the determination of *whether* to issue an order allowing disclosure is premature at this point.

Despite saying that she was seeking an order requiring that notice be given, Plaintiff has not proposed any specific form of notice. Nor did the other parties present sample notices. In the absence of any suggestions by the parties, the Court determines as follows:

Plaintiff shall prepare a separate notice for each of the patients Plaintiff asserts received services that resulted in Las Encinas' allegedly having made a false claim to the

United States. Each notice must describe the allegations as to that patient, as Plaintiff has in the Fourth Amended Complaint, and the notice must state that these are allegations only. The notice must state that the Plaintiff seeks to have the patient's records, which otherwise would be confidential, disclosed in the lawsuit, and must tell the patient that he or she has thirty days to provide comments to the Court as to the proposed disclosure. The notices shall be delivered to Las Encinas by June 1, 2012.

Las Encinas shall send the notice to any patient whose name Plaintiff provides to Las Encinas. (If Plaintiff provides Las Encinas any such names, it also shall supply the corresponding alias designation used for each patient in the Fourth Amended Complaint.) The notice shall state that any response shall be submitted to Las Encinas, and that Las Encinas shall provide the response to the Court under seal. No party to this action shall disclose the response of the patients, except as provided here.

Since Las Encinas treats both psychiatric and substance abuse patients, it is possible that some of the patients Plaintiff asserts are the predicate for Las Encinas' alleged false statements are not substance abuse patients whose records are covered by the Public Health Service Act. They may be psychiatric patients who are not treated for substance abuse. However, no one, except, perhaps, Plaintiff knows this, and Defendants cannot say whether the patients are substance abuse patients or not, even if Plaintiff provides them with the names. This is because, under the regulations adopted to implement the Public Health Service Act,

> The restrictions on disclosure in these regulations apply to any information, whether or not recorded, which:
> (1) Would identify a patient as an alcohol or drug abuser either directly, by reference to other publicly available information, or through verification of such an identification by another person . . . .

Thus, if, for example, Plaintiff were to give names to Las Encinas and ask that Las Encinas send the notice only to those patients with a substance abuse diagnosis, the very fact of Las Encinas' doing so would identify those patients in violation of the regulations. The better practice is for Las Encinas simply to send the notice to any patients Plaintiff names to Las Encinas, regardless of diagnosis.

The Court is not requiring Plaintiff to provide names to Las Encinas. However, if the names are not provided, then surely the records will not be disclosed.

Not later than July 15, 2012, Las Encinas shall submit a report to the Court, reporting (by the same alias designation as used in the Fourth Amended Complaint): (a) the patients who have refused consent to disclosure of their records; (b) the patients who have given consent to disclosure of their records; (c) the patients who have made any other comments and (d) the patients for whom no response was received. Las Encinas shall attach any responses, with the names redacted. The report shall be filed under seal.

A further hearing on the remainder of Plaintiff's motion is set for 10:00 a.m. on August 15, 2012. As a result of that hearing the Court contemplates determining whether (a) an order authorizing disclosure should be issued; and (b) if so, whether Plaintiff's motion to compel should be granted, limited to the documents pertaining to the patients who are identified by alias designation in the Fourth Amended Complaint. At that time as well, if disclosure of patient records is compelled, the Court will determine what matters shall be redacted from the records, *see, e.g.*, 42 C.F.R. § 2.63, and what other protections if any shall attach to any disclosures.

Any party may file a memorandum in connection with the August 15, 2012 hearing. Any such memorandum shall be filed not later than July 31, 2012.

Plaintiff's motion also asks that the Court issue a protective order concerning this litigation. While a protective order may be justified, no appropriate showing has been made, nor is the proposed order acceptable. The proposed order is not specific in any way, but simply leaves it to the parties to decide what matters should be protected, and in what

respects. The Court has great doubts as to the enforceability of any such order. Accordingly, the motion for a protective order is denied without prejudice.

### B. Las Encinas' Motion

Las Encinas moves for an order that Plaintiff return documents that she took from Las Encinas. Las Encinas' motion has a certain simplicity to it: since Plaintiff filched our property, Las Encinas says, she should return it. Las Encinas adduces some evidence that Plaintiff in fact took property that was not hers, including Plaintiff's own contemporaneous statement that she stole records and her interrogatory responses stating that she copied records on Las Encinas' copier while she was employed there. Nevertheless, there has not been an adjudication that Plaintiff is a wrong-doer, and Las Encinas has provided no legal authority that this Court, on a discovery motion, may order Plaintiff to return the documents to Plaintiff.

Las Encinas is not without remedy, however. As the Court noted at the hearing, Las Encinas appears to argue more for an injunction than for a discovery ruling. If any injunction is to issue, however, then Las Encinas should make an appropriate motion and make its best showing in connection with such a motion. That motion, of course, would be presented to the district judge.

Las Encinas' motion is denied.

### C. Defendant Parks' Motion

Defendant Parks asks the Court to order that Plaintiff notify patients about the potential disclosure of their confidential records. There is a logic to this request; Plaintiff is the one who knows who the patients are, and therefore Plaintiff should be the one to send the notices. However, Plaintiff has stated in writing, and affirmed orally at the hearing, that she does not know the addresses of the patients. Under the circumstances, the Court deems it better to have Las Encinas send any notices (and thereby maintain, at least for the time being, the confidentiality of the patients' addresses).

Underlying Defendant Parks' motion is her assertion that her due process rights are eviscerated by Plaintiff's suit against her, using anonymous victims. Since Parks no longer works at Las Encinas, she has no access to its records and, she says, she needs to know the identities of the patients in order to defend herself. This is, of course, a serious argument, but it is not presently before the Court. Presumably counsel will take whatever steps he thinks necessary to address this matter. For the time being, however, the specific motion brought by Defendant Parks is denied.

IT IS SO ORDERED.

DATED: May 17, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

cc:  The Hon. John A. Kronstadt