COLLEEN FLYNN, SBN 234281
  *cflynnlaw@yahoo.com*
ATTORNEY AT LAW
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA 90010
Telephone: (213) 252-9444
Facsimile:  (213) 252-0091


PAULA D. PEARLMAN, SBN 109038
  *Paula.pearlman@lls.edu*
MICHELLE UZETA, SBN 164402
  *Michelle.uzeta@lls.edu*
REBECCA CRAEMER, SBN 274276
  *Rebecca.Craemer@lls.edu*
DISABILITY RIGHTS LEGAL
CENTER
800 S. Figueroa Street, Suite 1120
Los Angeles, California 90017
Telephone: (213) 736-1496
Facsimile:  (213) 736-1428

MARK A. KLEIMAN, SBN 115919
  *mkleiman@quitam.org*
LAW OFFICES OF MARK ALLEN
KLEIMAN
2907 Stanford Avenue
Venice, CA 90292
Telephone: (310) 306-8094
Facsimile:  (310) 306-8491

Attorneys for Plaintiff/Relator

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES of AMERICA and THE STATE of CALIFORNIA, *ex rel.,* SHELBY EIDSON,<br><br>        Plaintiffs,<br><br>    v.<br><br>AURORA LAS ENCINAS LLC, SIGNATURE HEALTHCARE SERVICES LLC, LINDA PARKS, AND DOES 1 THROUGH 10, jointly and severally,<br><br>        Defendants. | CASE NO.:  2:10-cv-1031 JAK (RZx)<br><br>**RELATOR'S NOTICE OF MOTION AND MOTION FOR REVIEW OF MAGISTRATE JUDGE 5/17/12 DISCOVERY ORDER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Proposed order filed concurrently herewith]*<br><br>Hearing Date:  July 23, 2012<br>Hearing Time:  8:30 a.m.<br>Courtroom: 750<br><br>Judge: Hon. John A. Kronstadt |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, on July 23, 2012 commencing at 8:30 a.m. or as soon thereafter as the matter may be heard, in Courtroom 750 of the United States District Court for the Central District of California, located at 255 E. Temple Street, Los Angeles, California 90012, the Honorable John A. Kronstadt presiding, Relator Shelby Eison ("Relator"), will and hereby does move this Court for an order reviewing and reversing the magistrate judge's discovery order insofar as the order limited discovery of patient records to records concerning the patients Relator has referred to in the Fourth Amended Complaint and required notice be sent to patients whose hospitalization does not implicate the Public Health Service Act, 42 U.S.C. §§290ee-3 and 290dd-2.

This motion is made pursuant to Fed. R. Civ. P. 72(a) and L.R. 72-2.1, and is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the complete court file in this case, and on such other and further evidence and argument that may be presented at the time of hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 25, 2012.

DATED: May 31, 2012

**COLLEEN FLYNN**
**MARK KLEIMAN**
**DISABILITY RIGHTS LEGAL CENTER**

By _____
Colleen Flynn

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     Introduction

Relator Shelby Eidson was a mental health worker and member of the nursing staff at Aurora Las Encinas, LLC, a psychiatric hospital, ("the Hospital"), from August 31, 2005 until August 10, 2011. In 2008, she began reporting patient incidents to government regulators after three of her patients died tragic and preventable deaths and an adolescent patient was raped at the Hospital. On February 11, 2010, after many more preventable patient deaths, mutilations, and injuries occurred at the Hospital, Ms. Eidson filed a complaint on behalf of the government pursuant to the Federal False Claims Act, 31 U.S.C. § 3729, *et seq.* seeking to challenge Defendants' failure to provide adequate care for their mentally ill and vulnerable patients, false certification of compliance with healthcare laws and regulations, and defrauding of the federal and state governments.

### II.     Legal Standard of Review of Magistrate Judge's Order

A magistrate judge has authority to hear matters that are not dispositive of a claim or defense. See Fed. R. Civ. P. 72. These include discovery motions. *See Bauer Bros. LLC v. Nike, Inc.*, 09CV500-WQH-BGS, 2012 WL 1570828 (S.D. Cal. May 3, 2012) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation." (citations omitted)).

Under Rule 72(a), a party may serve and file objections to a magistrate judge's order on a nondispositive pretrial matter "within 14 days after being served with a copy." Fed. R. Civ. P. 72(a); see also L.R. 72–2.1 ("Any party objecting under F. R. Civ. P. 72(a) to a Magistrate Judge's ruling on a pretrial matter not dispositive of a claim or defense must file a motion for review by the assigned District Judge, designating the specific portions of the ruling objected to and stating the grounds for the objection. Such motion shall be filed within fourteen (14) days of an oral ruling which the Magistrate Judge indicates will not be followed by a written ruling, or within fourteen (14) days of service of a written ruling.").

There are two standards which may be applied to review of a magistrate judge's order. Normally, such an order can be reversed by the district court only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Bhan v. NME Hospitals, Inc.,* 929 F.2d 1404, 1414 (9th Cir.1991). "The 'contrary to law' standard ... permits independent review of purely legal determinations by the magistrate judge." *F.D.I.C. v. Fidelity & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000) (citing *Haines v. Liggett Group, Inc.***,** 975 F.2d 81, 91 (3rd Cir.1992) ("[T]he phrase 'contrary to law' indicates plenary review as to matters of law")); see *Med. Imaging Centers of America, Inc. v. Lichtenstein*, 917 F.Supp. 717, 719 (S.D. Cal.1996) ("Section 636(b)(1) ... has been interpreted to provide for de novo review by the district court on issues of law"). The contrary to law standard applies in the instant matter, as Relator is challenging a purely legal determination by the magistrate judge, that is, the appropriate standard under which to analyze a parties' right to discovery.

"Acting as an appellate court, this Court has the power to 'affirm, modify, vacate, set aside or reverse' the magistrate judge's order and 'may remand the cause and direct the entry of such appropriate judgment, decree or order, or require such further proceedings to be had as may be just under the circumstances.' " *United States v. Ramirez*, No. CR F 08–0239 LJO, 2008 WL 5397497, *2 (E.D. Cal. Dec. 24, 2008) (quoting 28 U.S.C. § 2106).

### III.   Limiting Discovery of Documents Containing Patient Information to Those Patients Identified in the Fourth Amended Complaint is Contrary to Law.

Relator sought to compel defendants Aurora Las Encinas, LLC and Signature Health Care, LLC to provide documents commensurate with the allegations contained in her Fourth Amended Complaint. As those allegations were based on Defendants' gross and systemic violations of law, and not limited to actions involving patients

2

expressly referred to by patient number in the Complaint, Relator requested relevant documents from 2003 to the present on all patients who were participants in Medicare or Medi-Cal insurance programs. The magistrate judge denied the request, stating in pertinent part:

> Here, disclosure, if any is to be allowed, shall be limited to records concerning the patients Relator has referred to in the Fourth Amended Complaint by alias designations.

5/17/12 Order on Discovery Motions, Docket No. 213, at 6:10-11, Attached hereto as Exhibit A, (Hereinafter "Exhibit A").

This ruling is contrary to law. Rather than apply the broad relevance standard set forth in Fed. R. Civ. P. 26(b)(1), the magistrate incorrectly applied Rule 9(b) pleading standards in limiting Relator's right to discovery. Exhibit A at 5:1-25.

a. **The Correct Standard for Analyzing Relator's Discovery Requests is the Standard Articulated in Fed. R. Civ. P. 26(b)(1) and its Interpreting Case Law**

Relevance is governed by Fed. R. Civ. P. 26(b)(1), which states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).

Courts construe relevance broadly "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in this case." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 500-501 (1947)). See also *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir.2005) ("Litigants may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Relevant information for purposes of discovery is information reasonably calculated to lead to the discovery of admissible evidence.") (internal quotation marks and citations omitted); *Miller v. Pancucci*, 141 FRD 292, 296 (C.D. Cal. 1992) ("Parties are permitted to discover any relevant non-privileged matter. F. R. Civ. P. 26(b)(1)"). Discovery is not limited to the issues raised only in the pleadings, but rather it is designed to define and clarify the issues. *Id*. at 351.

Tellingly, another court has held that to limit an examination to matters relevant to only the precise issue presented by their pleadings, would not only be contrary to the express purpose of Rule 26, but also might result in a complete failure to afford plaintiff an adequate opportunity to obtain information that would be useful at the trial. *Stevenson v. Melady*, 1 F.R.D. 329, 330 (C.D. N.Y. 1940). This is true not only of depositions but of other discovery devices permitted by the rules. The requirement of relevancy should be construed liberally and with common sense, rather than in terms of narrow legalisms. Discovery of information that has no conceivable bearing on the case should not, however, be allowed. 8 Wright, A. Miller & M. Kane, Federal Practice and Procedure, § 2008 (2d Ed. 1983 & Supp. 1990).

*Davis* v. *Chase Bank USA*, 2010 US Dist LEXIS 37464 at *11 (C.D. Cal. 2010) reiterates that ". . .relevance under Rule 26(b)(1) 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" Citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, (1978). Also, *see Marksman Partners L.P. v.*

4

*Chantal Pharm Corp*., 1996 US Dist LEXIS 13870 at *8 (C.D. Cal. 1996), holding that:  "Relevance includes any information related to the subject matter of the litigation, not necessarily only the specific allegations of the complaint, including 'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or that may be in the case.'" Citing *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978).

Information is relevant to the subject matter if it might reasonably assist a party in evaluating the case, preparing for trial or facilitating settlement thereof. *See* Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial*, § 11:21 (1995*); Miller v. Pancucci,* 141 F.R.D. 292, 296 (C.D. Cal. 1992). Rule 26(b) of the Federal Rules of Civil Procedure limits discovery to relevant matters, and makes no distinction in this regard between information in the hands of parties and that held by non-parties. *Fein v. Numex*, 92 F.R.D. 94, 96 (S.D.N.Y. 1981).

Moreover, courts have applied these liberal discovery principles in the context of the False Claims Act. *See United States ex rel. Woodruff v. Hawai'i Pac. Health*, 2008 U.S. Dist. LEXIS 4933, *18 (D. Haw. Jan. 22, 2008). In *United States ex rel. Bledsoe v. Community Health Systems*, 501 F.3d 493, 510 (6th Cir. 2007), an oft-cited False Claims Act case, the Sixth Circuit found that "[w]here a relator pleads a complex and far reaching fraudulent scheme with particularity, and provides examples of specific false claims submitted to the government pursuant to that scheme, a relator may proceed to discovery on *the entire fraudulent scheme*." *Id*. (emphasis added); *see also Rorer Int'l Cosmetics, Ltd. v. Halpern*, 85 F.R.D. 43, 45 (E.D. Pa. 1979) ("Once a plaintiff has shown that his charges are not frivolous or totally unsubstantiated, his suit, like any other suit, becomes subject to the Federal Rules of Civil Procedure."); *see also SEC v. Wall St. Capital Funding, LLC.*, 2011 U.S. Dist. LEXIS 63186, *11-15 (S.D. Fla. June, 10, 2011).

//

5

1    Furthermore, it is well established that "[t]he party who resists discovery has
2  the burden to show discovery should not be allowed, and has the burden of clarifying,
3  explaining, and supporting its objections." *Keith H. v. Long Beach Unified Sch. Dist.,*
4  228 F.R.D. 652, 655-56 (C.D. Cal. 2005) (citations omitted) ; *see also Blankenship v.*
5  *Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery
6  principles of the Federal Rules defendants were required to carry a heavy burden of
7  showing why discovery was denied."). Defendants have failed to meet this burden, as
8  briefed thoroughly in Relator's Motion to Compel. (Docket No. 198).

9  **a. The Charts of Patients Not Specifically Listed in the**
10 **Complaint and Other Patient-Related Documents are**
11 **Relevant and Subject to Discovery Under Fed. R. Civ. P.**
12 **26(b)(1)**

13    In the instant case, the Court has already found that Relator's description of the
14 Defendants' alleged false claims allows her complaint to survive a motion to dismiss
15 for failure to plead fraud with particularity." (Doc. No. 201). Thus, the Court must
16 now apply the relevance standards articulated in Fed. R. Civ. P. 26(b)(1) and
17 embodied in *Oppenheimer*. *See Oppenheimer Fund*, 437 U.S. at 351. Such liberal
18 principles would clearly encompass discovery on Defendants' "entire fraudulent
19 scheme." *Bledsoe*, 501 F.3d at 510.

20    Relator's requests for the charts of patients not specifically listed in the
21 Complaint, as well as other patient-related documents, fall squarely within the bounds
22 of relevance and broad scope of discovery to which Relator is entitled under the
23 abovementioned authorities.  Each of the requests for patient information is tailored to
24 uncover evidence of Defendants' practice of making knowing, material false
25 representations in their claims for payment to the Medicare and/or Medi-Cal
26 government insurance programs.  Given the contours of the complaint, these
27 discovery requests are designed to elicit permissible information under the broad
28 scope of Fed. R. Civ. P. 26(b)(1).

IV.    **Requiring Notices be Sent to Patients Whose Hospitalization Does Not Implicate the Public Health Services Act is Clearly Erroneous and Contrary to Law.**

Relator sought notices be sent to all patients whose hospitalization implicated the Public Health Services Act, 42 U.S.C. §§ 290ee-3, 290dd-2 because they received substance abuse treatment. (Docket No. 198). The magistrate judge instead ordered that any notices to be sent out be limited to patients expressly identified in the Fourth Amended Complaint. This includes patients who did not receive substance abuse treatment and whose treatment, therefore, does not implicate the Public Health Services Act. This decision appears based on the determination that disclosure of whether patients did receive substance abuse would be required as part of the notice process, which would violate the Public Health Service Act. See Exhibit A, at 6:13-28, 7, 8:1-7. However, the Court also states that if the Relator does not provide a name to the Defendants, then the patient records will surely not be disclosed, regardless of whether the patient has received substance abuse treatment, regardless of whether there is good cause, and regardless of whether the Relator is otherwise entitled to such discovery. *Id.* The Court provides no alternative process to Relator for those patients and records governed only by the requirements in the Health Insurance Portability Act, which does not require such notice. The Court requires Relator to adhere to notice requirements in the Public Health Service Act regardless of whether the Act is relevant to a particular patient. *Id.*

If Defendants were to be ordered to distribute a non-individualized notice to the broader scope of patients identified by the Relator, no disclosure to the Relator or to the Court would be required of which patients received or did not receive the notice. The good cause analysis and any ultimate, court-ordered disclosure would be a separate determination where the initial breakdown of which patients by name had received notice would be irrelevant.

7

Under the aforementioned authorities, this order is subject to de novo review. The Relator requests that this Court find that Relator is entitled to the scope of discovery commensurate with the allegations contained in the Fourth Amended Complaint and order Defendants to distribute the notice only to those patients whose treatment or specific records is governed by the Public Health Service Act.

### V.    Conclusion

For the forgoing reasons, the instant motion should be granted.

DATED: May 31, 2012

**COLLEEN FLYNN**
**MARK KLEIMAN**
**DISABILITY RIGHTS LEGAL CENTER**

By_____
Colleen Flynn

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.,* SHELBY EIDSON,<br><br>Plaintiffs<br><br>vs.<br><br>AURORA LAS ENCINAS, LLC,<br>et al.,<br><br>Defendants. | CASE NO. CV 10-01031 JAK (RZx)<br><br>ORDER ON DISCOVERY MOTIONS |

This matter came before the Court on April 23, 2012 on three motions.

A.    Plaintiff, Relator Shirley Eidson, moved for a "court order for (1) Defendants to Issue Notice to Eligible Patients; (2) Provide Opportunity For Eligible Patients to Respond; (3) Protective Order Governing All Parties; (4) Compel Discovery From Defendants." [Doc 198]

B.    Defendants Aurora Las Encinas and Signature Health Care Services moved "To Compel Plaintiff to Return Defendants' Improperly Obtained Documents." [Doc 169]

C.    Defendant Linda Parks moved "To Compel Relator's Compliance With Federal Requirements for Obtaining Patient Consent For the Disclosure of Medical Records." [Doc 168]

Exhbit A
Motion for Reconsideration

Plaintiff appeared through her counsel Colleen Flynn and Rebecca Craemer; Defendants Aurora Las Encinas and Signature Healthcare Services appeared through their counsel Alan G. Gilchrist and Debra A. Spicer; Defendant Parks appeared through her counsel Patric Hooper.  The Court heard argument of counsel and took the matter under submission.

## A.    Plaintiff's Motion

Plaintiff's motion, like the other motions, depends upon a reading of the laws concerning medical patients, superimposed upon the allegations of Plaintiff's Fourth Amended Complaint.  The starting point is the nature of the Defendant, Las Encinas.  It is not a general hospital, but a specialized one, treating only psychiatric and substance abuse patients.  Since it treats substance abuse patients, the records of many of its patients are regulated by the Public Health Service Act, codified in 42 U.S.C. § 290ee-3 for drug abuse records and in 42 U.S.C. § 290dd-2 for alcohol abuse records.  These sections of the Act are reproduced verbatim in the Code of Federal Regulations, 42 C.F.R. §§ 2.1 and 2.2.

These statutes make the records confidential, and the protection is quite extensive:  confidentiality extends to the records of "the identity, diagnosis, prognosis or treatment."  Other than for certain military situations, such records can be disclosed only in three contexts.  First, they may be disclosed with the patient's consent.  Second, they may be disclosed, with or without the patient's consent, when necessary for medical personnel to meet an emergency, or for personnel to conduct research or perform audits.  Finally, they may be disclosed, with or without the patient's consent, if authorized by court order, issued after application and upon a showing of good cause. 42 U.S.C. § 290ee-3(b); 42 U.S.C. § 290dd-3(b).

The statutes also authorize the Secretary of Health and Human Services to promulgate regulations, and those regulations "may contain such definitions, and may provide for such safeguards and procedures, including procedures and criteria for the issuance and scope of [court orders for disclosure] as in the judgment of the Secretary are

Exhbit A
Motion for Reconsideration
- 2 -

necessary or proper to effectuate the purposes of this section, to prevent circumvention or evasion thereof, or to facilitate compliance therewith." 42 U.S.C. § 290ee-3(g); 42 U.S.C. § 290dd-3(g).  The regulations to implement the statutory directives appear in 42 C.F.R. §§ 2.1-2.67.

> 1.  <u>Two Kinds of Court Orders:  An Order Authorizing Disclosure and An Order Compelling Disclosure</u>

Under the statutes, Las Encinas *cannot* disclose patient records without either patient consent or a court order.  Moreover, under the regulations, a court order that *authorizes* disclosure nevertheless does not *compel* Las Encinas to disclose records; it merely frees Las Encinas from the adverse consequences of disclosure, including criminal liability.  Thus, the regulations provide:

> An order of a court of competent jurisdiction entered under this subpart is a unique kind of court order.  Its only purpose is to authorize a disclosure or use of patient information which would otherwise be prohibited by 42 U.S.C. 290ee-3, 42 U.S.C. 290dd-3 and these regulations.  Such an order does not compel disclosure.  A subpoena or a similar legal mandate must be issued in order to compel disclosure.  This mandate may be entered at the same time as and accompany an authorizing court order entered under these regulations.

42 C.F.R. § 2.61(a).  *See also* 42 C.F.R. § 2.3(b) (a circumstance which removes the bar against disclosure does not compel disclosure; "the regulations do not require disclosure under any circumstance.").

The first two parts of Plaintiff's motion address an order authorizing, but not compelling disclosure.  In those two portions, Plaintiff moves for an order that Las Encinas

Exhibit A
Motion for Reconsideration
- 3 -

issue notice to eligible patients, and that those patients be given an opportunity to respond. The fourth part of Plaintiff's motion, however, goes beyond an order *authorizing* disclosure; there, Plaintiff asks that the Court issue an order for Las Encinas "to respond to all the Relator's outstanding production requests, subject to notice and a response time for Public Health Service Act records." This would, if granted, produce an order that would function as the equivalent of a subpoena; it would be an order (in the language of the regulation, "a legal mandate") *compelling* disclosure, in addition to the order *authorizing* the disclosure of the records. The motion for an order compelling disclosure is evaluated like any other discovery motion, testing requests for production against objections of relevance, overbreadth or any other legal objection that might have been made. The motion for an order authorizing disclosure, on the other hand, is evaluated on the basis of whether the Plaintiff has shown good cause for such an order, under the rubric set forth in 42 U.S.C. § 290ee-3(b)(2)(c) and 42 U.S.C. § 290dd-3(b)(2)(c), and following the procedure and the criteria set forth in the implementing regulation, 42 U.S.C. § 2.64.

2.   The Contours of An Order Authorizing Disclosure

First things first, then. Should the Court issue an order authorizing Las Encinas to disclose records of substance abuse patients? Inasmuch as any order authorizing disclosure in this case would be a prerequisite to an order compelling production under the discovery rules, the discovery rules cabin in the nature of any order authorizing disclosure. That is, the contours of the order authorizing disclosure have to be defined, at the outermost, by the pleadings, for in this lawsuit there can be no justification for disclosure if, at a minimum, the disclosure does not bear a relationship to the pleadings.

Plaintiff sues under the federal False Claims Act, 31 U.S.C. § 3729 *et seq.*, and its state analogue, the California False Claims Act, CAL. GOVT. CODE § 12651 *et seq*. She asserts, as a *qui tam* party, that Las Encinas has defrauded the Government. She also asserts that Las Encinas has retaliated against her and her mother because she complained of the alleged fraud.

A claim under the False Claims Act must be pleaded in accordance with FED. R. CIV. P. 9(b). *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001). Therefore, the Court must look to the Fourth Amended Complaint, under the law construing Rule 9(b), to see what is at issue. Although Plaintiff by this motion ultimately seeks to have produced all documents from all eligible patients from 2003 to the present, this is a demand that far exceeds a tenable reading of the Fourth Amended Complaint as that pleading must be construed in accordance with FED. R. CIV. P. 9(b). Plaintiff is not an auditor of the program, a position which would allow her access to the full scope of the records, *see* 42 C.F.R. § 2.61(b). Plaintiff is, instead, bound by the allegations of the Complaint that are pled with particularity.

In the context of a False Claims Act case, Rule 9(b) requires pleading the "who, what, when, where and how of the misconduct charged. In addition, the plaintiff must set forth what is false or misleading about a statement, and why it is false." *Ebeid v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The relator also must supply reasonable indicia that false claims actually were submitted. *Id.*, 616 F.3d at 999.

The present motion, of course, does not challenge the pleadings. However, the pleadings nevertheless define the scope of the present discovery, for discovery is limited to relevant evidence, which the rules define as evidence that is relevant to the claims and defenses of the parties. FED. R. CIV. P. 26 (b). The discovery Plaintiff has propounded would require contact with all Las Encinas patients for a period of nine years, on the assertion that, by giving examples of problems, Plaintiff is entitled to discovery pertaining to all the patients. This would be a hugely burdensome task, and multiply any risks that patients' privacy would be compromised, and the efficacy of the treatment programs undermined.

Plaintiff seeks to avoid the burden that her interpretation would require by suggesting the use of sampling, but, to use a tired but apt phrase, this truly puts the cart before the horse. Sampling assumes a normal distribution, such that a sample confidently

1   can be said to be representative of the whole.  One cannot assume, however, that all records
2   are fraudulent such that a sample that shows (or does not show) fraud is representative of
3   the other records; if it shows fraud, it may just show fraud as to itself.  Moreover, Plaintiff
4   has not pled — nor, the Court suspects, could she, consistent with FED. R. CIV. P. 11 — that
5   all statements submitted by Las Encinas to the Government have been false.

6          The Court therefore is left with the parts of the Complaint that Plaintiff *does*
7   plead with particularity, and those are the parts that identify particular patients by alias
8   designations.  As to those, Plaintiff asserts that Las Encinas provided "worthless services,"
9   with the implication that, in charging for the services, Las Encinas made false statements.
10  Hence, disclosure, if any is to be allowed, shall be limited to records concerning the
11  patients Plaintiff has referred to in the Fourth Amended Complaint by alias designations.
12
13          3.   The Procedure for Determining Whether The Court Should Authorize
14               Disclosure of Patient Records

15          Having determined that any order *allowing* disclosure would be limited, at
16  most, to the records of patients referenced in the Fourth Amended Complaint, the Court
17  next must determine whether in fact it should issue such an order.  The procedure for
18  determining whether to issue an order allowing disclosure is set forth in 42 C.F.R. § 2.64.
19  Before the Court can determine whether to issue such an order, notice first must be given
20  to the patient whose records might be disclosed, and that patient must be given an
21  opportunity to respond.  Thus, the determination of *whether* to issue an order allowing
22  disclosure is premature at this point.

23          Despite saying that she was seeking an order requiring that notice be given,
24  Plaintiff has not proposed any specific form of notice.  Nor did the other parties present
25  sample notices.  In the absence of any suggestions by the parties, the Court determines as
26  follows:

27          Plaintiff shall prepare a separate notice for each of the patients Plaintiff asserts
28  received services that resulted in Las Encinas' allegedly having made a false claim to the

United States.  Each notice must describe the allegations as to that patient, as Plaintiff has in the Fourth Amended Complaint, and the notice must state that these are allegations only. The notice must state that the Plaintiff seeks to have the patient's records, which otherwise would be confidential, disclosed in the lawsuit, and must tell the patient that he or she has thirty days to provide comments to the Court as to the proposed disclosure.  The notices shall be delivered to Las Encinas by June 1, 2012.

Las Encinas shall send the notice to any patient whose name Plaintiff provides to Las Encinas.  (If Plaintiff provides Las Encinas any such names, it also shall supply the corresponding alias designation used for each patient in the Fourth Amended Complaint.) The notice shall state that any response shall be submitted to Las Encinas, and that Las Encinas shall provide the response to the Court under seal.  No party to this action shall disclose the response of the patients, except as provided here.

Since Las Encinas treats both psychiatric and substance abuse patients, it is possible that some of the patients Plaintiff asserts are the predicate for Las Encinas' alleged false statements are not substance abuse patients whose records are covered by the Public Health Service Act.  They may be psychiatric patients who are not treated for substance abuse.  However, no one, except, perhaps, Plaintiff knows this, and Defendants cannot say whether the patients are substance abuse patients or not, even if Plaintiff provides them with the names.  This is because, under the regulations adopted to implement the Public Health Service Act,

> The restrictions on disclosure in these regulations apply to any information, whether or not recorded, which:
>
> (1) Would identify a patient as an alcohol or drug abuser either directly, by reference to other publicly available information, or through verification of such an identification by another person . . . .

Thus, if, for example, Plaintiff were to give names to Las Encinas and ask that Las Encinas send the notice only to those patients with a substance abuse diagnosis, the very fact of Las Encinas' doing so would identify those patients in violation of the regulations. The better practice is for Las Encinas simply to send the notice to any patients Plaintiff names to Las Encinas, regardless of diagnosis.

The Court is not requiring Plaintiff to provide names to Las Encinas. However, if the names are not provided, then surely the records will not be disclosed.

Not later than July 15, 2012, Las Encinas shall submit a report to the Court, reporting (by the same alias designation as used in the Fourth Amended Complaint): (a) the patients who have refused consent to disclosure of their records; (b) the patients who have given consent to disclosure of their records; (c) the patients who have made any other comments and (d) the patients for whom no response was received. Las Encinas shall attach any responses, with the names redacted. The report shall be filed under seal.

A further hearing on the remainder of Plaintiff's motion is set for 10:00 a.m. on August 15, 2012. As a result of that hearing the Court contemplates determining whether (a) an order authorizing disclosure should be issued; and (b) if so, whether Plaintiff's motion to compel should be granted, limited to the documents pertaining to the patients who are identified by alias designation in the Fourth Amended Complaint. At that time as well, if disclosure of patient records is compelled, the Court will determine what matters shall be redacted from the records, *see, e.g.*, 42 C.F.R. § 2.63, and what other protections if any shall attach to any disclosures.

Any party may file a memorandum in connection with the August 15, 2012 hearing. Any such memorandum shall be filed not later than July 31, 2012.

Plaintiff's motion also asks that the Court issue a protective order concerning this litigation. While a protective order may be justified, no appropriate showing has been made, nor is the proposed order acceptable. The proposed order is not specific in any way, but simply leaves it to the parties to decide what matters should be protected, and in what

1   respects.   The Court has great doubts as to the enforceability of any such order.

2   Accordingly, the motion for a protective order is denied without prejudice.

3

4        **B.     Las Encinas' Motion**

5        Las Encinas moves for an order that Plaintiff return documents that she took

6   from Las Encinas.  Las Encinas' motion has a certain simplicity to it:  since Plaintiff

7   filched our property, Las Encinas says, she should return it.  Las Encinas adduces some

8   evidence that Plaintiff in fact took property that was not hers, including Plaintiff's own

9   contemporaneous statement that she stole records and her interrogatory responses stating

10  that she copied records on Las Encinas' copier while she was employed there.

11  Nevertheless, there has not been an adjudication that Plaintiff is a wrong-doer, and

12  Las Encinas has provided no legal authority that this Court, on a discovery motion, may

13  order Plaintiff to return the documents to Plaintiff.

14       Las Encinas is not without remedy, however.  As the Court noted at the

15  hearing, Las Encinas appears to argue more for an injunction than for a discovery ruling.

16  If any injunction is to issue, however, then Las Encinas should make an appropriate motion

17  and make its best showing in connection with such a motion.  That motion, of course,

18  would be presented to the district judge.

19       Las Encinas' motion is denied.

20

21       **C.     Defendant Parks' Motion**

22       Defendant Parks asks the Court to order that Plaintiff notify patients about the

23  potential disclosure of their confidential records.  There is a logic to this request; Plaintiff

24  is the one who knows who the patients are, and therefore Plaintiff should be the one to send

25  the notices.  However, Plaintiff has stated in writing, and affirmed orally at the hearing, that

26  she does not know the addresses of the patients.  Under the circumstances, the Court deems

27  it better to have Las Encinas send any notices (and thereby maintain, at least for the time

28  being, the confidentiality of the patients' addresses).

Exhbit A
Motion for Reconsideration

Underlying Defendant Parks' motion is her assertion that her due process rights are eviscerated by Plaintiff's suit against her, using anonymous victims. Since Parks no longer works at Las Encinas, she has no access to its records and, she says, she needs to know the identities of the patients in order to defend herself. This is, of course, a serious argument, but it is not presently before the Court. Presumably counsel will take whatever steps he thinks necessary to address this matter. For the time being, however, the specific motion brought by Defendant Parks is denied.

IT IS SO ORDERED.

DATED:   May 17, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

cc:    The Hon. John A. Kronstadt