O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.,* SHELBY EIDSON,<br><br>　　　　　　　Plaintiffs<br><br>　vs.<br><br>AURORA LAS ENCINAS, LLC, et al.,<br><br>　　　　　　　Defendants. | CASE NO. CV 10-01031 JAK (RZx)<br><br>ORDER ON PLAINTIFF'S EX PARTE APPLICATION |

　　　　　The Court received the mandatory chambers copies of Plaintiff's ex parte application during the lunch hour on Tuesday, June 12, 2012. Shortly thereafter, the Court retrieved and reviewed the electronically-filed copy of Defendants' opposition; it has yet to receive the mandatory chambers copy. The failure to assure prompt delivery of copies to chambers is a strange way to proceed on a matter that the parties consider an emergency.

　　　　　A review of the papers suggests that a lot of time and money is being wasted on carping. There is little material difference between the notice proposed by the two sides. As to the differences, the Court rules as follows:

///

///

///

1. Counsel shall not be identified in this notice. Perhaps later, but not now.

2. If, using reasonable diligence, Defendant Aurora Las Encinas can identify Patient Nos. 24, 21, 42, 43 and 59 based on the information provided by Relator, then notices shall be sent to those patients. Aurora Las Encinas shall not "guess" at who the patients are, but shall, in good faith, seek to match the information provided by Relator with a patient. If despite a good faith and diligent effort to create such a match, Las Encinas is unable to identify a patient, then it shall not send the notice.

3. Aurora Las Encinas states that it has no record matching the name Relator links to Patient 53. Obviously, then, Aurora Las Encinas cannot send a notice to that person.

4. Aurora Las Encinas states that it is "under no obligation to provide Notice to patients who are self pay and not tied to any government funded program." To the contrary, the Court's order created such an obligation as to all the patients identified by number in the Fourth Amended Complaint. Any patient identified in the Complaint should have the opportunity to comment to the Court in connection with the potential release of his or her records.

5. As to Patients 30 and 31, the notice shall state that Plaintiff alleges that they were held on 2South when it was not medically necessary because the Hospital granted them passes which they used to leave the Hospital during their stay.

6. As to Patient No. 26, the notice shall state that the Complaint alleges that he was supposed to receive acute, involuntary "lock-down" care but was actually hospitalized on open units throughout most of his stay, about 120 days.

///
///
///
///
///

The notice created by Plaintiff otherwise is acceptable (and, as indicated, does not materially differ from that created by Defendant). Plaintiff shall make the changes noted above, and proceed forthwith as previously ordered.

IT IS SO ORDERED.

DATED: June 12, 2012

```
                                        /s/ Ralph Zarefsky
                                    _____
                                         RALPH ZAREFSKY
                                    UNITED STATES MAGISTRATE JUDGE
```

cc:   Hon. John A. Kronstadt