**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV10-01031 JAK (RZx) | Date | July 2, 2012 |
| Title | United States of America v. Aurora Las Encinas, LLC, et al. | | |

Present: The Honorable  JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Alexander Joko |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Mark Allen Kleiman | Patrick Hooper |
| | Alan Gilchrist |
| | Debra Spicer |

**Proceedings:**  **PLAINTIFF/RELATOR'S MOTION TO STRIKE DEFENDANTS AURORA LAS ENCINAS, LLC AND SIGNATURE HEALTHCARE SERVICES, LLC'S COUNTERCLAIMS AGAINST RELATOR SHELBY EIDSON (Dkt. 211)**

**PLAINTIFF/RELATOR'S MOTION TO STRIKE DEFENDANTS' AMENDED COUNTERCLAIMS AGAINST RELATOR SHELBY EIDSON (Dkt. 229)**

**RELATOR'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S 05/17/12 DISCOVERY ORDER (Dkt. 217)**

The motion hearing is held. The Court states its tentative views on the record, and is inclined to deny both motions. With respect to the anti-SLAPP motion to strike pursuant to California Code of Civil Procedure § 425.16, the Court states the governing legal standard on the record. Evaluating an anti-SLAPP motion requires a two-step analysis: first, the moving party must demonstrate that the challenged claims arise from an act in furtherance of the right of petition or free speech. Then, if this threshold showing is made, the burden shifts to the non-moving party to establish that each challenged claim has a minimal level of legal sufficiency and triability.

Here, Plaintiff contends that the counterclaims arise out of her actions in furtherance of her right to petition the government, arguing that she copied the relevant data in preparation for this qui tam action. The Court tentatively finds this argument unpersuasive in light of Plaintiff's admission that, at the time she copied the data, she had not yet decided to bring a qui tam action. Nonetheless, the Court tentatively finds that Defendants' counterclaims arise from Plaintiff's actions in furtherance of her right to free speech. It is undisputed that Plaintiff disclosed certain data to the *Los Angeles Times*. The Court's tentative view is that Plaintiff's disclosure and discussion of the data with the media was an exercise of her free speech right in connection with an issue of public interest. Thus, Plaintiff has satisfied step one in the anti-SLAPP analysis. Reaching the second step, which considers whether the non-moving party has made a prima facie showing with respect to success on the merits, the Court tentatively finds that Defendants have met their burden. The Ninth Circuit considered whether the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-01031 JAK (RZx) | Date | July 2, 2012 |
|---|---|---|---|
| Title | United States of America v. Aurora Las Encinas, LLC, et al. | | |

taking of data in preparation for a qui tam action should fall within a public policy exception in *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047 (9th Cir. 2011). In *Cafasso*, the Ninth Circuit held that if a public policy exception exists, it applies only if the relator makes a particularized showing to justify why the removal of the data was reasonably necessary to pursue a qui tam action. Here, Plaintiff has not attempted to make any particularized showing that the documents she took were necessary to pursue this action. Also, as discussed in connection with step one of the analysis, Plaintiff copied the data before deciding to bring, or even learning of the availability of, a qui tam action. Thus, the Court's tentative view is that Plaintiff has not rebutted Defendants' prima facie showing that their claim for breach of contract has at least minimal merit. The Court clarifies that it is not holding that a public policy exception does not exist, or even that such exception does not apply here. The Court's holding is limited to finding that, at this time, Plaintiff has not sufficiently demonstrated that a public policy exception applies to shield Plaintiff from *any* liability for breach of the parties' confidentiality agreement. The Court also tentatively finds that Plaintiff's argument that the agreements do not prohibit her from copying and disclosing the data is unpersuasive. The confidentiality agreement explicitly prohibits discussing, disclosing or copying confidential information.

With respect to Defendants' second counterclaim for intentional interference with contractual relations, the Court tentatively finds that Defendants have presented sufficient facts to meet their burden in response to the motion to strike. Although the claim would benefit from more factual specificity with respect to which particular contracts were the subjects of interference, Defendants have alleged that Plaintiff was a direct cause of the disruption of their contract with UBH, and provided evidence that Plaintiff contacted UBH immediately before the disruption. Considering Defendants' third claim for conspiracy to commit intentional interference, the Court tentatively finds that this claim also has sufficient merit to meet the anti-SLAPP standard. The same tentative view applies to Defendants' counterclaims for intentional interference with economic relations and conspiracy to interfere with economic relations. The Court notes that, even if it were to conclude that Defendants' conspiracy claims should not proceed, their inclusion in the amended counterclaims likely does not violate the anti-SLAPP statute because they are derivative of adequately pleaded substantive claims. The Court's tentative view is the same for Defendants' claim for conversion. For Defendants' claim for breach of fiduciary duty, the Court tentatively finds that the employer/employee relationship here, coupled with the confidential relationship created by the confidentiality agreement, may have been sufficient to impose some fiduciary duties on Plaintiff. Thus, even assuming Plaintiff satisfied the first step in the anti-SLAPP analysis, the Court tentatively finds that Defendants have met their burden on the second step by showing a probability of success on the merits.

With respect to Plaintiff's motion for review of Magistrate Judge Zarefsky's May 17, 2012 Order, the Court notes that there are two major privileges at issue: the psychotherapist-patient privilege and the substance abuse treatment privilege. In the Court's review of Judge Zarefsky's detailed and thoughtful order, the Court tentatively finds that Judge Zarefsky did not reach any clearly erroneous findings of fact, nor did he apply standards or reach conclusions that are contrary to law. The Court's view is that Judge Zarefsky's initial limitation of Plaintiff's discovery to those patients identified in the Fourth Amended Complaint constitutes a reasonable balancing of Plaintiff's right to discovery and the serious privacy concerns at issue here. This will provide a basis for the continuing oversight of potential further discovery based on the results of the first phase.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV10-01031 JAK (RZx) | Date | July 2, 2012 |
| Title | United States of America v. Aurora Las Encinas, LLC, et al. | | |

Counsel for Plaintiff and Defendants address the Court regarding the issues it raises in connection with Plaintiff's motion for review, including: (i) the potential effect of Judge Zarefsky's Order, including whether Plaintiff will be able to seek broader discovery in the future; (ii) the number of patients treated by Aurora per year during the period of 2003 to present; (iii) whether notice can be provided to only the substance abuse treatment patients without disclosing the identities of those patients; (iv) whether providing notice to only a limited number of patients is a logical first step in dealing with the serious privilege issues presented here; (v) whether Judge Zarefsky's order limits all future discovery to the patients identified in the Fourth Amended Complaint, or whether it contemplates this limitation as an initial step in the active management of discovery that will inform future discovery efforts; and (vi) whether Rule 9(b) limits the scope of available discovery here.

Counsel for Plaintiff and Defendants address the Court regarding the issues it raises in connection with Plaintiff's anti-SLAPP motion to strike, including: (i) whether Defendants have submitted sufficient evidence to satisfy the second step of the anti-SLAPP analysis; (ii) whether Signature Healthcare Services is a party to any of the contracts at issue, and whether any evidence supports Signature's right to advance these counterclaims; (iii) the proper approach for evaluating an anti-SLAPP motion to strike, and whether it must be considered on a claim-by-claim basis; (iv) whether Defendants have identified the contracts with which Plaintiff is alleged to have interfered with the requisite specificity; (v) whether Defendants can state a claim for conversion of intangible property in light of certain other parties' rights to access the information at issue; (vi) the significance of the Ninth Circuit's holding in *Cafasso* and its relevance to Defendants' burden here; (vii) in the context of conversion, whether the sharing of data pursuant to a contract or regulation is limited in scope such that the original party maintains a property interest in the data; (viii) the process for providing records to the government or insurers, and the limits on those parties with respect to further sharing of the data; (ix) the basis for Signature's claims against Plaintiff; (x) if Signature cannot advance a claim against Plaintiff for breach of contract, whether it follows that such claim must be stricken pursuant to Plaintiff's anti-SLAPP motion; (xi) whether Defendants' claim for breach of contract arises from protected activity; (xii) whether Defendants have properly supported their conspiracy claims; and (xiii) whether a patient's unlimited right to disclose the information contained in that patient's medical records undermines Defendants' claim to have a property right in such information.

The Court takes the motions under submission and will issue a written ruling.

The Court inquires into the parties' current settlement attempts, including whether a further settlement conference would be productive. The parties shall file a joint report on or before July 5, 2012 in preparation for the status conference set for July 9, 2012 at 1:30 p.m.

**IT IS SO ORDERED.**

| | 1 | : | 30 |
|---|---|---|---|
| Initials of Preparer | ak | | |