ALAN G. GILCHRIST
E-mail: agilchrist@thehlp.com
THE HEALTH LAW PARTNERS, P.C.
29566 Northwestern Hwy., Ste. 200
Southfield, MI 48034
Telephone: (248) 996-8510
Facsimile: (248) 996-8525

DEBRA A. SPICER
E-mail: dspicer@spicerlaw.com
LAW OFFICE OF DEBRA A. SPICER, PC
645 Griswold Street, Suite 1717
Detroit, MI 48226
Telephone: (313) 961-2100
Facsimile: (313) 961-2333

Attorneys for Defendants
SIGNATURE HEALTHCARE SERVICES, LLC
AND AURORA LAS ENCINAS, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA, *ex rel.*, SHELBY EIDSON,<br><br>Plaintiffs,<br>vs.<br><br>AURORA LAS ENCINAS, LLC, LINDA PARKS, SIGNATURE HEALTHCARE SERVICES, LLC, AND DOES 1 THROUGH 10, jointly and severally,<br><br>Defendants. | Case No.: 2:10-cv-1031 JAK (RZ)<br>(Hon. Ralph Zarefsky)<br><br>**DEFENDANTS AURORA LAS ENCINAS, LLC AND SIGNATURE HEALTHCARE SERVICES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EMERGENCY MOTION FOR STAY OF THE 8/28/2012 FINAL ORDER ON PLAINTIFF'S MOTION TO COMPEL**<br><br>**DATE: 9/17/2012**<br>**TIME: 10:00 A.M.**<br>**COURTROOM: 540** |

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................. ii

INTRODUCTION ................................................................................................. 1

ARGUMENT ......................................................................................................... 2

CONCLUSION ...................................................................................................... 6

i

Defendants Aurora Las Encinas, LLC and Signature Healthcare Services, LLC's Memorandum of Points and Authorities in Support of Emergency Motion for Stay of the 8/28/2012 Final Order on Plaintiff's Motion to Compel

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Golden Gate Rest. Ass'n v. City & County of San Francisco,*
    512 F.3d 1112 (9th Cir.2008) ............................................................. 3, 4

*Lopez v. Heckler,* 713 F.2d 1432 (9th Cir.1983) ............................................ 3

*United States, ex rel. Chandler v. Cook County Hospital,*
    277 F.3d 969 (7th Cir.2002) ............................................................... 4, 5

*United States v. Ramirez,* 2008 WL 5397497 (E.D.Cal. Dec. 24, 2008) ....... 2

**Statutes**

28 U.S.C. § 2106 ............................................................................................. 2

31 U.S.C. § 37.29 ........................................................................................... 1

**Regulations**

42 C.F.R. § 2.31 ............................................................................................. 1

**Rules**

Fed.R.App.P. 8(a) .......................................................................................... 3

Fed.R.App.P. 8(a)(1) ..................................................................................... 3

Fed.R.Civ.P. 72(a) ......................................................................................... 2

L.R. 72-2.2 ..................................................................................................... 2

ii

Defendants Aurora Las Encinas, LLC and Signature Healthcare Services, LLC's Memorandum of Points and Authorities in Support of Emergency Motion for Stay of the 8/28/2012 Final Order on Plaintiff's Motion to Compel

## I. INTRODUCTION

Relator Shelby Eidson ("Relator" or "Plaintiff") filed a Complaint pursuant to the Federal False Claims Act, 31 U.S.C. § 37.29 seeking damages alleging that Defendants had filed or caused to be filed false claims to the federal and state governments.

Defendant Aurora Las Encinas, LLC is a psychiatric hospital providing mental health and substance abuse services to its patients.

On April 23, 2012, Relator filed a motion seeking a Court order for Defendants to issue notice to eligible patients, provide opportunity for eligible patients to respond, and to compel discovery from Defendants. On May 17, 2012, this Court issued an order requiring notice to the patients identified in Plaintiff's Fourth Amended Complaint to be followed by a report filed under seal as to any responses to the notice, and scheduled a hearing for August 15, 2012, wherein the issue as to whether the Court should issue an authorizing order and, if so, whether Plaintiff's motion to compel should be granted, limited to documents pertaining to patients who were identified by alias designation in the Fourth Amended Complaint. At that time, the Court also indicated it would determine what matters shall be redacted from the records and what protection, if any, shall attach to any disclosures. See May 17, 2012 Order attached as **Exhibit A**.

On August 28, 2012, this Court issued an authorizing order, ordering, among other things, that: 1) the responsive documents should be limited to patients identified by alias designation in the Fourth Amended Complaint, and on any document in which a patient is listed shall have the patient's name blacked out and the alias designation inserted; 2) the documents may contain the diagnosis of the patient, and any treatment, unless the treatment reveals confidential communications, and the documents may also contain all other information that is not confidential communications; 3) if the patient who responded executes a consent as specified in 42 C.F.R. § 2.31, the entire record shall be produced; 4) any documents produced shall be maintained in confidence and used only

1

for this action, and, if filed with the Court, shall be filed under seal; and 5) **the documents shall be produced within 30 days**. See **Exhibit B**, Final Order on Plaintiff's Motion to Compel, Following August 15, 2012 Hearing (emphasis added).

Defendant has timely requested that sitting District Court Judge John A. Kronstadt review this Final Order. See Motion for Review of Final Order, attached as **Exhibit C**. The Defendants object to the Final Order to the extent that it requires the production of all documentation other than confidential communications. It is the position of Defendants that the wrong standard was applied by this Court in determining whether an authorizing order should issue and that this Court without justification excluded only confidential communications.

## II.   ARGUMENT

Under Rule 72(a), a party may serve and file objections to a Magistrate Judge's order on a non-dispositive pretrial matter within 14 days after being served a copy of the order. Defendants have so objected to the Final Order. Pursuant to L.R. 72-2.2 a Magistrate Judge's ruling remains in effect unless the ruling is stayed or modified by the Magistrate Judge or the District Judge. There is, however, no federal rule of civil procedure or local rule which addresses the issuance of a stay of a Magistrate's Order, even though staying such an order is clearly contemplated under L.R. 72-2.2.

In an instance like this, the District Court essentially acts as an appellate court in hearing objections to a non-dispositive pretrial matter. While acting as an appellate court, the District Court has the power to affirm, modify, vacate, set aside or reverse a magistrate judge's order and may remand the cause and direct the entry of such appropriate judgment, decree or order, or require such further proceedings to be had as may be just under the circumstances. See *United States v. Ramirez*, 2008 WL 5397497, *2 (E.D.Cal. Dec. 24, 2008) (quoting 28 U.S.C. § 2106) attached as **Exhibit D**. Although there is no local rule or other federal rule of civil procedure which applies, the Federal

2

Rules of Appellate Procedure provide that an order may be stayed pending appeal. See Fed.R.App.P. 8(a). Absent exceptional circumstances, such a motion must be filed before the court making the decision being appealed. Fed.R.App.P. 8(a)(1). Because Defendants are essentially appealing the Magistrate's Final Order and no other rule applies, Defendants cite to Rule 8 by analogy and are following the procedures as set forth in Rule 8.

The Final Order in question requires Defendants to produce information subject to the substance abuse privilege or psychotherapist privilege (or both) within 30 days of the entry of the Final Order (i.e., September 27, 2012). Defendants respectfully disagree with the analysis and findings of the Final Order and have appealed those findings. The earliest date for hearing Defendants' Motion for Review is November 26, 2012. However, in the interim period, Defendants respectfully request that this Court stay the Final Order. If Defendants are required to comply with the terms of the Final Order and produce the documents in question prior to Judge Kronstadt hearing their appeal, the substantial legal issues would become moot. It is further impracticable to require Defendants to produce the documents in question while the possibility that Judge Kronstadt will modify, vacate, set aside or reverse the Final Order remains. Once the documents are produced, there is no getting them back, the cat will be out of the bag and the damage already done should Defendants be forced to produce the subject documents under the terms of the Final Order.

The Ninth Circuit employs "two interrelated legal tests" that "represent the outer reaches of a single continuum" in deciding a motion to stay pending appeal. *Lopez v. Heckler*, 713 F.2d 1432, 1435-36 (9th Cir.1983). "At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury." *Golden Gate Rest. Ass'n v. City & County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir.2008)(internal citations omitted). "At the other

3

end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Id.* at 1116. "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.* Further, "we consider where the public interest lies separately from and in addition to whether the applicant [for stay] will be irreparably injured absent a stay." *Id.*

In this case, Defendants have a strong probability of success on the merits, as exemplified in their Motion and Memorandum in Support presently before Judge Kronstadt.

Moreover, there is clearly the possibility that irreparable injury will result. Such irreparable injury will result both to the affected patients and to Defendants. If Defendants are forced to produce the subject documents, the privacy of these patients will be compromised. The strong privileges which protect the patients' information will have been eradicated. There is no resetting the disclosure of this information if the District Court were to rule in favor of Defendants in their appeal of the Final Order. It is also not only the privacy rights of certain individual patients which are at stake, but the continued effectiveness and viability of treatment programs. *United States, ex rel. Chandler v. Cook County Hospital*, 277 F.3d 969, 981 (7th Cir.2002).

There are substantial legal questions concerning the documents at issue, dealing with specific and rarely-used federal regulations. Until a definitive ruling is given on these issues, it practicably makes the most sense to stay enforcement of the Final Order until after Judge Kronstadt can hear and rule on the outstanding issues.

Furthermore, the public interest certainly lies in favor of staying the Final Order. As has been briefed extensively, both privileges in question are in place to protect members of the public who seek substance abuse or psychotherapy treatment. Allowing disclosure of documents protected by these privileges prior to a definitive ruling on the

4

underlying issues would destroy the protections afforded by these privileges. The purpose of the applicable privileges is to ensure confidentiality. Disclosure of non-consenting patient records could negatively affect the decisions of the individuals to seek additional treatment, exactly what the strong privilege is aimed at prohibiting. Forcing Defendants to turn over privileged records prior to the District Court hearing its appeal of the Final Order would needlessly circumvent both the applicable privileges and strike a blow to the continued effectiveness and viability of treatment programs like those in question in this matter.

The strong protections afforded by the privileges are exemplified in the case of *United States, ex rel. Chandler v. Cook County Hospital, supra*. In *Cook County*, a former research project director brought a qui tam action against a county which operated a hospital where research on treatment of drug-dependent pregnant women was conducted. The lower court ordered the hospital to turn over unredacted patient records subject to a protective order limiting this disclosure to the plaintiff's attorney for ten days and prohibiting the disclosure to anyone including the plaintiff. The Seventh Circuit found that "important private *and* public rights will be irretrievably compromised" if the defendant were required to produce information subject to the substance abuse privilege prior to entry of a final judgment and granted the defendant the "extraordinary" relief of granting mandamus requiring the district court to vacate the discovery order in question. *Id.* at 981-92 (emphasis in original). The same interests are at stake in the instant matter. If Defendants are required to produce the documents as contemplated in the Final Order, important private and public rights will be irretrievably compromised. This Court should enter the ordinary relief of staying the enforcement of the Final Order until Defendants' appeal of these issues has been heard by Judge Kronstadt.

5

Defendants Aurora Las Encinas, LLC and Signature Healthcare Services, LLC's Memorandum of Points and Authorities in Support of Emergency Motion for Stay of the 8/28/2012 Final Order on Plaintiff's Motion to Compel

## III. CONCLUSION

For the reasons stated above, Defendants respectfully request that this Court enter a stay of the Final Order until Judge Kronstadt rules on the Defendants' appeal of this decision.

Respectfully submitted,

Dated: September 10, 2012  THE HEALTH LAW PARTNERS, P.C.

By: /s/Alan G. Gilchrist
    Alan G. Gilchrist

LAW OFFICE OF DEBRA A. SPICER, P.C.

By: /s/Debra A. Spicer
    Debra A. Spicer

Attorneys for Defendants
SIGNATURE HEALTHCARE SERVICES, LLC and AURORA LAS ENCINAS, LLC

6

Defendants Aurora Las Encinas, LLC and Signature Healthcare Services, LLC's Memorandum of Points and Authorities in Support of Emergency Motion for Stay of the 8/28/2012 Final Order on Plaintiff's Motion to Compel

# PROOF OF SERVICE

**STATE OF MICHIGAN, COUNTY OF OAKLAND**

At the time of service, I was over 18 years of age and **not a party to this action.** I am employed in the County of Oakland, State of Michigan. My business address is 29566 Northwestern Highway, Suite 200, Southfield, Michigan, 48034.

On September 10, 2012, I served true copies of the following document(s) described as **DEFENDANTS AURORA LAS ENCINAS, LLC AND SIGNATURE HEALTHCARE SERVICES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EMERGENCY MOTION FOR STAY OF 8/28/2012 FINAL ORDER ON PLAINTIFF'S MOTION TO COMPEL** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with The Health Law Partners, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

1

Defendants Aurora Las Encinas, LLC and Signature Healthcare Services, LLC's Memorandum of Points and Authorities in Support of Emergency Motion for Stay of the 8/28/2012 Final Order on Plaintiff's Motion to Compel

Executed on September 10, 2012, at Southfield, Michigan.

　　　　　　　　　　　　　　　　/s/Marianna M. McIntyre
　　　　　　　　　　　　　　　　Marianna M. McIntyre

2

Defendants Aurora Las Encinas, LLC and Signature Healthcare Services, LLC's Memorandum of Points and Authorities in Support of Emergency Motion for Stay of the 8/28/2012 Final Order on Plaintiff's Motion to Compel

# SERVICE LIST
## UNITED STATES OF AMERICA AND THE STATE OF CALIFORNIA, *ex rel.*, SHELBY EIDSON vs. AURORA LAS ENCINAS, LLC, *et al.*
### Case No. 2:10-cv-1031 JAK (RZ)

| | |
|---|---|
| **Colleen Flynn, Esq.**<br>3435 Wilshire Blvd., Suite 2900<br>Los Angeles, CA 90010<br>Telephone: (213) 252-9444<br>Facsimile: (213) 252-0091<br>E-Mail: cflynnlaw@yahoo.com | Attorney for Plaintiff,<br>*Shelby Eidson*<br><br>*Via CM/ECF* |
| **Mark A. Kleiman, Esq.**<br>Law Offices of Mark Allen Kleiman<br>2907 Stanford Avenue<br>Venice, CA 90292<br>Telephone: (310) 306-8094<br>Facsimile: (310) 306-8491<br>E-Mail: mkleiman@quitam.org | Attorney for Plaintiff,<br>*Shelby Eidson*<br><br>*Via CM/ECF* |
| **Paula Pearlman, Esq.**<br>**Maria Michelle Uzeta, Esq.**<br>**Rebecca Craemer, Esq.**<br>Disability Rights Legal Center<br>800 Figueroa Blvd., Suite 1120<br>Los Angeles, CA 90017<br>Telephone: (213) 736-1477<br>Facsimile: (213) 736-1428<br>E-Mail: paula.pearlman@lls.edu<br>      michelle.uzeta@lls.edu<br>      rebecca.craemer@lls.edu | Attorneys for Plaintiff,<br>*Shelby Eidson*<br><br>*Via CM/ECF* |
| **David Martin Harris, Esq.**<br>AUSA United States Attorney's Office<br>300 N. Los Angeles Street, Rm. 7516<br>Los Angeles, CA 90012<br>Telephone: (213) 894-8817<br>Facsimile: (213) 894-2380<br>E-Mail: david.m.harris@usdoj.gov | Attorneys for Plaintiff,<br>*United States of America*<br><br>*Via CM/ECF* |

3

| | |
|---|---|
| **Andrew Penn, Esq.**<br>U.S. Department of Justice – Civil Div.<br>Commercial Litigation Branch, Fraud Section<br>601 D St., NW, Room 9149<br>Washington, DC 20044<br>Telephone: (202) 305-3071<br>Facsimile: (202) 305-4117 | Attorneys for Plaintiff,<br>*United States of America*<br><br>*Via U.S. Mail* |
| **Patric Hooper, Esq.**<br>Hooper, Lundy & Bookman, P.C.<br>1875 Century Park East, Suite 1600<br>Los Angeles, CA 90067-2517<br>Telephone: (310) 551-8111<br>Facsimile: (310) 551-8181<br>E-Mail: phooper@health-law.com | Attorneys for Defendant,<br>*Linda Parks*<br><br>*Via CM/ECF* |
| **Debra A. Spicer, Esq.**<br>Law Office of Debra A. Spicer, P.C.<br>The Penobscot Building<br>645 Griswold St., Suite 1717<br>Detroit, MI 48226<br>Telephone: (313) 961-2100<br>Facsimile: (313) 961-2333<br>E-Mail: dspicer@spicerlaw.com | Attorneys for Defendants,<br>*Signature Healthcare Services, LLC*<br>*and Aurora Las Encinas, LLC*<br><br>*Via CM/ECF* |

LAW OFFICES OF
# THE HEALTH LAW PARTNERS
Professional Corporation

MI OFFICE: 29566 NORTHWESTERN HWY., STE. 200 | SOUTHFIELD, MI 48034 | PH: (248) 996-8510 | FX: (248) 996-8525
NY OFFICE: 590 MADISON AVENUE, 18TH FLOOR | NEW YORK, NY 10022 | PH: (212) 734-0128 | FX: (917) 210-2952
1979 MARCUS AVENUE, SUITE E100| LAKE SUCCESS, NY 11042 | PH: (516) 492-3390 | FX: (516) 492-3389
GA OFFICE: 1530 DUNWOODY VILLAGE PARKWAY, STE. 209 | ATLANTA, GA 30338 | PH: (770) 804-4700 | FX: (678) 666-5667
WWW.THEHLP.COM | PARTNERS@THEHLP.COM

*Gerald L. Aben*
*Daniel B. Brown\*\**
*Timothy Burkhard*
*Gina Dolan\*\*\*\**
*Adrienne Dresevic\**
*Alan G. Gilchrist*
*Joel M. Greenberg\*\*\*\**
*Jessica L. Gustafson*
*Kathryn Hickner-Cruz\**

*Claudia Hinrichsen\*\*\*\**
*Robert S. Iwrey\**
*Carey F. Kalmowitz\**
*Lori A. La Salle\*\*\*\**
*Ron Lebow\*\*\*\*\**
*Clinton Mikel\*\*\**
*Stephanie P. Ottenwess*
*Abby Pendleton\**

unless otherwise specified admitted in MI only
\*also admitted in New York
\*\*admitted in Georgia and Tennessee

\*\*\*also admitted in California
\*\*\*\*admitted only in New York
\*\*\*\*\*admitted in New York and New Jersey

September 10, 2012

Myckowiak Associates, P.C.
Attn: Vicki Myckowiak, Esq.
615 Griswold Street
Ste. 1724
Detroit, MI 48226

Dear Ms. Myckowiak:

Pursuant to your discussions with Adrienne Dresevic, enclosed please find a check in the amount of $1,298.10, which represents the agreed upon 20% referral fee, for Dr. Alvarado.

Should you have any questions, please feel free to contact me.

Thank you.

Very truly yours,

The Health Law Partners, P.C.


Tracy L. Brown
Firm Manager

In New York, the Firm practices law as THE GREENBERG, DRESEVIC, IWREY, KALMOWITZ & PENDLETON LAW GROUP.
In Michigan, the Firm practices as THE HEALTH LAW PARTNERS, P.C.
In Georgia, the Firm practices as BROWN, DRESEVIC, GUSTAFSON, IWREY, KALMOWITZ AND PENDLETON THE HEALTH LAW PARTNERS, LLC.