O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.,* SHELBY EIDSON,<br><br>                Plaintiffs<br><br>    vs.<br><br>AURORA LAS ENCINAS, LLC,<br>et al.,<br><br>                Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. CV 10-01031 JAK (RZx)<br><br>ORDER DENYING "EX PARTE EMERGENCY APPLICATION OF DEFENDANTS AURORA LAS ENCINAS, LLC AND SIGNATURE HEALTHCARE SERVICES, LLC FOR STAY OF THE 8/28/2012 FINAL ORDER ON PLAINTIFF'S MOTION TO COMPEL" |

        The Court has reviewed the ex parte application of Defendants, as well as the opposition. No new authority has been cited to the Court. Nor is the principal authority upon which the application relies, *U.S. ex rel Chandler v. Cook County, Illinois*, 277 F.3d 969 (7th Cir. 2002), authority for the proposition that this Court has erred by allowing the disclosure, with the protections that the Court has provided. Rather, in *Chandler* the Court disapproved of an order that was not preceded by proper notice and that allowed unredacted information, including confidential communications. The *Chandler* court in fact remanded the matter to the district court so that it could draft a proper disclosure order "which satisfies both the regulations and Dr. Chandler's legitimate need to view some of the non-confidential communications." 277 F.3d at 983. Disclosure was contemplated, not prohibited.

Defendants also are unpersuasive in their assertion of irreparable harm. They assert that, if they must comply with this Court's order, that "the strong privileges will have been eradicated.," and that "once the documents are produced, there is no getting them back, the cat will be out of the bag and the damage already done . . . ." There is no evidence for any of these assertions. For example, if the reviewing judge concludes that this Court wrongly ordered production of documents, the documents can be ordered returned. (The documents contain no names of patients or other identifying information, and no confidential communications.) And there remains no evidentiary basis for showing any harm as to a particular patient, or as to the patient population as a whole.

Defendants' arguments are indistinguishable from arguments that might be made whenever an issue of privilege arises. In fact, the argument that Defendants need a "definitive" ruling does not stop with the District Judge; if the District Judge agrees with the undersigned's ruling, the District Judge's decision might be said not to be "definitive" because Defendants could seek mandamus from the Circuit. Yet a lawsuit needs to proceed, and the Supreme Court has recognized that even errors on the question of privilege can be rectified through appeal. *See Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 130 S. Ct. 599 (2009) (attorney-client privilege).

The Court has considered Defendants' arguments carefully, but finds no basis for staying its order. Accordingly, the ex parte application is denied.

DATED: September 18, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE