**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-01031 JAK (RZx) | Date | October 29, 2012 |
|---|---|---|---|
| Title | United States of America, et al. v. Aurora Las Encinas, LLC, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|

| Andrea Keifer | Alex Joko |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Colleen Flynn | Alan Gilchrist |
| | Debra Spicer |
| | Patrick Hooper |

**Proceedings:** **DEFENDANT SIGNATURE HEALTHCARE SERVICES, LLC AND AURORA LAS ENCINAS, LLC'S MOTION FOR AN INJUNCTION REQUIRING PLAINTIFF TO RETURN DEFENDANTS' RECORDS TAKEN/COPIED WITHOUT THE HOSPITAL'S OR PATIENTS' AUTHORIZATION (Dkt. 243)**

**DEFENDANT LINDA PARKS' MOTION FOR ORDER DISMISSING DEFENDANT PARKS FROM THE FOURTH AMENDED COMPLAINT OR, IN THE ALTERNATIVE, AGAINST HER FROM THE FOURTH AMENDED COMPLAINT (Dkt. 257)**

The motion hearing is held. The Court states its detailed, tentative views on the record and is inclined to grant in part Defendants' motion for an injunction and deny the motion to dismiss. The Court notes that Magistrate Judge Zarefsky has already made rulings in discovery (Dkt. 250) that have been approved by the Court, addressing the scope of materials Plaintiff/Relator ("Plaintiff") is authorized to use or obtain in connection with the preparation of her case. This is significant because the requested injunctive relief should be viewed in the context of the appropriateness of discovery of the materials that Plaintiff would be required to surrender were injunctive relief granted.

The Court considers the four factors given in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The Court finds the opinion in *Monarch Fire Protection District of St. Louis County, Missouri v. Freedom Consulting & Auditing Services, Inc.*, 678 F. Supp. 2d 927 (E.D. Mo. 2009) *aff'd*, 644 F.3d 633 (8th Cir. 2011), to be instructive to this case. The Court tentatively finds that there is a risk of irreparable harm if documents containing confidential information of patients protected by the substance abuse privilege of 42 U.S.C. § 290dd-2 and the federal psychotherapist privilege created by *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996), are made public, even inadvertently. Such confidential information is particularly sensitive, making significant the need to preserve its confidentiality. The Court notes that this may not be a substantial risk considering that the Plaintiff has already possessed the documents for approximately four years and is under a Court order not to disclose them (Dkt. 105), but the Court finds that even a small risk is serious in light of the importance of the privacy interest of the many affected patients.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-01031 JAK (RZx) | Date | October 29, 2012 |
|---|---|---|---|
| Title | United States of America, et al. v. Aurora Las Encinas, LLC, et al. | | |

The Court finds that a legal remedy is inadequate to protect these documents from disclosure. Although court orders limiting disclosure may be effective, there remains the possibility of inadvertent disclosure.

The Court considers the balance of hardships and identifies a solution that would protect the privacy and security of the documents while not prejudicing Plaintiff's ability to litigate the case such that the balance of hardships would warrant an injunction of the nature suggested by the Court.

The Court notes that there is a public interest in the confidentiality of records such as these, but that there is also a public interest in *qui tam* actions that concern alleged fraud against the federal government. The Court finds that, under a properly crafted injunction, the public interest in the confidentiality of the documents outweighs the public interest in this *qui tam* action of having Plaintiff and her counsel maintain the copies of medical records that Plaintiff made from the files of certain Defendants. Thus, if the Court directs that the copies presently maintained by Plaintiff, be deposited with the Court, where they will be maintained under seal, Plaintiff can still pursue authorized discovery on these documents. In this manner, the confidentiality concerns and the discovery needs of the two parties can be balanced because confidentiality will be ensured, as will the preservation of, and potential access of Plaintiff to, the documents. The Court tentatively finds that an injunction limited to the plan suggested by the Court is thereby warranted, even considering the high legal standard that applies to a mandatory injunction. *See, e.g.*, *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009); *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1320 (9th Cir. 1994).

The Court is inclined to deny, without prejudice, Defendant Parks' motion to dismiss. That the discovery on patient records must be redacted does not per se warrant Parks' dismissal from the case on due process grounds. The Court acknowledges that if a party is unable to review materials material to her defense, significant due process claims may arise, particularly where the other parties to the case have had access to the materials. Nonetheless, at this juncture, Parks has not sought discovery of non-redacted copies of the materials, nor has she identified with specificity why she believes the redacted information will be material to her defense. The Court is inclined to have Parks pursue the discovery she believes appropriate, and renew her motion with specific arguments, if necessary, at a later point. The Court or Magistrate Judge Zarefsky, could consider at that time whether an in camera review of any materials specifically identified would be a reasonable and fair means to determine whether the redacted material may be pertinent to a potential defense raised by Parks. The Court also notes that, depending on the specific nature of the claims made by Plaintiff against the Defendants and the appropriate affirmative defenses or other responses to such claims, an issue may be raised whether there is an alignment of interests among Defendants such that the access of the other Defendants to their files, which contain the non-redacted documents at issue, is pertinent to an evaluation of the due process issue raised by Parks. However, the Court cannot address any of these issues without specific information that could be developed through the discovery process, including appropriate discovery motions.

Counsel for both parties address the Court regarding the issues it raises, including: (i) Plaintiff possesses only copies of documents, i.e., she made copies of the documents, and removed only these copies and not the originals; (ii) these copies are presently maintained in both paper and electronic form; (iii) the documents have been redacted, with the redacted versions also maintained in electronic and paper form; (iv) neither side is presently permitted to use any non-redacted records, although those parties with

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-01031 JAK (RZx) | Date | October 29, 2012 |
|---|---|---|---|
| Title | United States of America, et al. v. Aurora Las Encinas, LLC, et al. | | |

access to non-redacted records could review them absent a court order restricting such review; (v) documents not protected by any privilege, e.g. Plaintiff's pay check stubs, should not be subject to a mandatory injunction; (vi) Plaintiff still requires access to the census sheet material with patient identification in order to propound relevant discovery; (vii) discovery on these documents would not likely be allowed; (viii) parties would like to try to resolve some of these issues between themselves prior to the entry of a court order; and (ix) whether Parks can defend herself on worthless services claims if she cannot have access to the information redacted as confidential communications in patient records.

The Court adheres to its tentative views and GRANTS the injunction in part and DENIES the motion to dismiss, without prejudice. Plaintiff shall have 30 days -- or an alternative period of time as stipulated by both parties -- to deposit all materials related to patients (excluding materials not related to patients such as Plaintiff's pay stubs or hospital policies) with the Court under seal. Plaintiff and Plaintiff's counsel shall retain no copies of these documents, paper or electronic. Plaintiff shall also submit a document to the Court that assigns each patient on the census sheets a unique number. Plaintiff may retain a copy of the list of unique numbers as long as the list only contains numbers and not patient names, but may not retain any document with a patient's name or other patient information (including material where Plaintiff has self-redacted patient information). This will permit Plaintiff to frame discovery requests, and to brief later discovery disputes, by referring to the patient numbers on the documents, which will, in turn permit the Court and Magistrate Judge Zarefsky to locate and review such records in connection with a discovery dispute. To the extent that Plaintiff has existing knowledge of a patient's name, Plaintiff can use that name to seek to propound authorized discovery regarding that patient. Otherwise, Plaintiff shall use the unique number to seek to propound authorized discovery regarding that patient. The number will then be cross-referenced with the documents provided to the Court. The Court finds that this solution balances the potential hardships to each party with the risk of irreparable harm created by the potential disclosure of the confidential information in the documents. This approach will require cooperation among the parties so that discovery disputes as to the sealed documents can be reasonably and efficiently addressed by the Court and Judge Zarefsky. To the extent there are disputes between parties regarding documents subject to this Order, parties shall divide documents into categories and provide exemplars of those categories to facilitate the Court's review to determine a process for deciding whether Plaintiff must turn over certain documents to the Court.

**IT IS SO ORDERED.**

|  | 1 | : | 04 |
|---|---|---|---|
| Initials of Preparer | ak | | |