PATRIC HOOPER (State Bar No. 57343)
E-Mail: phooper@health-law.com
**HOOPER, LUNDY & BOOKMAN, P.C.**
1875 Century Park East, Suite 1600
Los Angeles, California 90067-2517
Telephone: (310) 551-8111
Facsimile: (310) 551-8181

Attorneys for Defendant
LINDA PARKS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA, *ex rel.* SHELBY EIDSON,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>AURORA LAS ENCINAS, LLC, LINDA PARKS, SIGNATURE HEALTHCARE SERVICES LLC, and DOES 1 through 10, jointly and severally,<br><br>　　　　Defendants. | CASE NO.: 2:10-cv-1031 JAK (RZx)<br><br>(Hon. John A. Kronstadt)<br><br>**PARKS' DECLARATION IN SUPPORT OF HER MOTION FOR PROTECTIVE ORDER**<br><br>Date:　To be determined<br>Time:　To be determined<br>Crtrm:　540<br>Judge:　Honorable Ralph Zarefsky |

　　　　I, Linda Pitman (previously known at times as Linda Parks), declare as follows:

　　　　1.　I am a defendant in the within lawsuit. I know the facts stated herein to be true of my own knowledge and if called upon to testify thereto could and would so competently.

　　　　2.　I have worked in the mental health field for 30 years as a registered nurse and in various administrative capacities. I was the Chief Executive Officer at Aurora Las Encinas Hospital ("Hospital") between September 2007 and September 2009. This was the only period I had any relationship with the Hospital. Before

1131290.1

joining the Hospital in 2007, I had worked hard for 25 years to establish and cultivate a reputation for clinical excellence in the mental health field. During the period I worked at the Hospital, I had no responsibility or role in the preparation or submission of hospital bills and government cost reports.

3.  I do not know Relator and do not recall ever seeing her before February 6, 2013, at my deposition. I have been personally, professionally, and financially devastated by the allegations she has made against me in the various versions of her Complaint in this case. None of the allegations of "wrongdoing" is true. Many of the allegations appear to be based on an utter and complete lack of understanding of the administration and operation of a hospital or health facility. For example, her allegation that patients were moved out of the Hospital during government surveys is not only untrue but demonstrates that the Relator does not appear to know that Hospital administration and employees do not make patient admission, discharge, or treatment decisions regarding hospital patients. Rather, such decisions are made by the patients' attending physicians who are not employed by the Hospital. This is one of many examples of the invalidity of relator's allegations.

4.  I am also extremely troubled by the fact that the Relator made false and defamatory statements about me to Hospital employees, to at least one doctor on the Hospital's medical staff, and to newspaper reporters before she filed her lawsuit. For example, in an October 25, 2008 email to a doctor, she suspected me of "getting some sort of kickback," which is not only untrue but never even ended up in the allegations in her lawsuit. The psychiatric community in Southern California is a relatively small group. These extremely serious (albeit false) allegations of dishonesty and those in the complaint and in the newspapers and on the internet have circulated among people in the psychiatric community in Southern California, including past, present and future employers. I know for a fact that the allegations have damaged my reputation in the health care industry. because I have been asked

2

PARKS' DECLARATION IN SUPPORT OF HER MOTION FOR PROTECTIVE ORDER

about them in job interviews. As a result, once, I resigned my position at the Hospital, I was unable to find work in another position for 18 months. In fact, one prospective employer called me after a very successful telephone interview, to tell me she was unable to hire me because of what she found out about me on the internet. When I finally obtained a position at another hospital in the San Fernando Valley, some of the staff who I was trying to hold accountable to an attendance policy told the administration at the other hospital about my being named as a defendant in a whistleblower action. Persons within the administration told me the complaining staff members had heard about the lawsuit from the Relator and her friends. The reputation of a hospital administrator or nurse is extremely critical to the his or her ability to pursue a career, just as it is for a doctor. My reputation and my ability to work in this field in the Southern California area has been and continues to be harmed by this ongoing litigation and events leading up to it.

5. I do not trust the Relator or her counsel because of their past actions toward me. They obviously have no regard for my privacy, my personal belongings, or my reputation. The relator's actions, by her own admission, have been illegal and have shown a wanton disregard for other federal and state laws. This fact is demonstrated by the Relator's efforts to break into my office at the Hospital to try to obtain information adverse to me and others, and her total disregard of the confidentiality of patient and hospital records. I believe the Relator would stop at nothing to try to justify her allegations in this case.

6. Due in large part to the actions of the Relator and some of her colleagues, the Hospital has been subject to an inordinate amount of publicity and surveys by regulatory agencies. This very small community hospital became the subject of national attention as the relator and the LA Times reporter tried to infer that one of our celebrity doctors was somehow involved in some of the incidents alleged in the newspaper. The LA Times even used a picture of the celebrity doctor in one of its articles. It was very difficult for me to implement sustainable and

lasting changes during my tenure because of the never-ending scrutiny by regulators and the officious actions of the Relator. Eventually, I had no alternative but to quit my position at the Hospital – a place I had grown to love and miss to this day.

7. Based on the above, I fear that any video-recording of my deposition would be used by the Relator to distort the truth and to further damage my reputation and right to privacy. I imagine that she could cause any video-recording to be placed on the internet and/or to be distorted. This is why I refused to be video-recorded at my February 6, 2013 deposition. I did not know that the Relator's counsel intended to videotape the deposition until I saw the videotaping equipment at the deposition on the morning of February 6. Even though Mr. Hooper, my attorney, sent me a copy of the deposition notice, which I did not read, I still did not know my deposition would be videotaped. I was prepared to go forward with my deposition on February 6, 2013, if it would not be videotaped. However, the Relator's attorney cancelled the deposition because I would not consent to being videotaped.

8. I do not understand why I am a defendant in this case – the only individual named as a defendant. I certainly never intended to be subject to the adverse publicity generated by this lawsuit. I am a private person and have worked very hard to build and maintain my reputation as an advocate for quality mental health care. I am asking the Court to help me.

Executed this 12th day of February, 2013, in Los Angeles, California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

*Linda Pitman by Patric Hooper*
LINDA PITMAN *pursuant to permission of L. Parks*

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 1875 Century Park East, Suite 1600, Los Angeles, California 90067-2517.

On February 12, 2013, I served true copies of the following document(s) described as **PARKS' DECLARATION IN SUPPORT OF HER MOTION FOR PROTECTIVE ORDER** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hooper, Lundy & Bookman, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 12, 2013, at Los Angeles, California.

*/s/ Patti Newler*
Patti Newler

# SERVICE LIST
## UNITED STATES OF AMERICA, *ex rel.*, SHELBY EIDSON vs. AURORA LAS ENCINAS, LLC, *et al.*
### Case No. 2:10-cv-1031 JAK (RZx)

| | |
|---|---|
| **Colleen Flynn, Esq.**<br>3435 Wilshire Blvd., Suite 2910<br>Los Angeles, CA 90010<br>Telephone: (213) 252-9444<br>Facsimile: (213) 252-0091<br>E-Mail: colleen_ucsc@hotmail.com | Attorneys for Plaintiff,<br>*Shelby Eidson*<br><br>***Via CM/ECF*** |
| **Mark A. Kleiman, Esq.**<br>**Pooja Rajaram, Esq.**<br>Law Offices of Mark Allen Kleiman<br>2907 Stanford Avenue<br>Venice, CA 90292<br>Telephone: (310) 306-8094<br>Facsimile: (310) 306-8491<br>E-Mail: mkleiman@quitam.org<br>prajaram@quitam.org | Attorneys for Plaintiff,<br>*Shelby Eidson*<br><br>***Via CM/ECF*** |
| **Paula D. Pearlman, Esq.**<br>**Maria Michelle Uzeta, Esq.**<br>Disability Rights Legal Center<br>800 S. Figueroa Street, Suite 1120<br>Los Angeles, CA 90017<br>Telephone: (213) 736-1496<br>Facsimile: (213) 736-1428<br>E-Mail: paula.pearlman@lls.edu<br>angelica.delira@lls.edu<br>michelle.uzeta@lls.edu | Attorneys for Plaintiff,<br>*Shelby Eidson*<br><br>***Via CM/ECF*** |
| **David Martin Harris, Esq.**<br>AUSA, United States Attorney's Office<br>300 N. Los Angeles Street, Rm. 7516<br>Los Angeles, CA 90012<br>Telephone: (213) 894-8817<br>Facsimile: (213) 894-2380<br>E-Mail: david.m.harris@usdoj.gov,<br>angela.fiore@usdoj.gov<br>usacac.civil@usdoj.gov | Attorneys for Plaintiff,<br>*United States of America*<br><br>***Via CM/ECF*** |
| **Alan G. Gilchrist, Esq.**<br>The Health Law Partners, P.C.<br>29566 Northwestern Highway, Suite 200<br>Southfield, MI 48034<br>Telephone: (248) 996-8510<br>Facsimile: (248) 996-8525<br>E-Mail: agilchrist@thehlp.com | Attorneys for Defendants<br>*Signature Healthcare Services, LLC; and Aurora Las Encinas, LLC*<br><br>***Via CM/ECF*** |

| | |
|---|---|
| **Debra A. Spicer, Esq.**<br>Law Office of Debra A. Spicer, P.C.<br>The Penobscot Building<br>645 Griswold St., Suite 1717<br>Detroit, MI  48226<br>Telephone:  (313) 961-2100<br>Facsimile:  (313) 961-2333<br>E-Mail:  dspicer@spicerlaw.com | Attorneys for Defendants<br>*Signature Healthcare Services, LLC; and Aurora Las Encinas, LLC*<br><br>***Via CM/ECF*** |
| **Joyce R. Branda, Esq.**<br>**Renee Brooker, Esq.**<br>**Andrew Penn, Esq.**<br>Ben Franklin Station<br>U.S. Department of Justice - Civil Division<br>601 "D" Street N.W., Room 9922<br>Post Office Box 261<br>Washington, DC  20044<br>Telephone:  (202) 305-3071<br>Facsimile:  (202) 305-4117<br>E-Mail:  andrew.s.penn@usdoj.gov | Attorneys for Plaintiff,<br>*United States of America*<br><br>***Via U.S. Mail*** |

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1131290.1

PARKS' DECLARATION IN SUPPORT OF HER MOTION FOR PROTECTIVE ORDER