**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-01031 JAK (RZx) | Date | March 20, 2013 |
|---|---|---|---|
| Title | United States of America, et al. v. Aurora Las Encinas, LLC, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE RELATOR/PLAINTIFF'S EX PARTE APPLICATION FOR MOTION MODIFYING THE SCHEDULING ORDER (DKT. 338)**

This action, which arises, in part, from the Federal False Claims Act, 31 U.S.C. §§ 3729, *et seq.*, was filed on February 11, 2010 -- more than three years ago. Dkt. 1.The United States declined to intervene in the action on October 8, 2010 – almost two and a half years ago. Dkt. 8. Following several rounds of motions with respect to the viability of the claims advanced, and equally intense briefing and proceedings on the scope of available discovery of the health records of individual patients, an interim discovery order with respect to the process for compelling the production of certain such records was entered on May 17, 2012, approximately ten months ago. Dkt. 213. A final order on those issues was entered on August 28, 2012 (Dkt. 250) – some eight months ago. The present discovery cut-off date of March 15, 2013 and trial date of June 25, 2013, were set on September 17, 2012 – approximately six months ago. Dkt. 289. This trial date was set following prior continuances of two earlier trial dates – March 6, 2012 (Dkt. 40) and December 4, 2012. Dkt. 212.

This partial chronology of events in this action provides the context for Plaintiff's March 7, 2013 Ex Parte Application (the "Application") to continue the discovery cut off and trial dates for approximately six months. Dkt. 338. For the reasons stated in this Order, the Application is DENIED; provided, however, this Order is without prejudice to the consideration by Judge Zarefsky of Plaintiff's presently pending "Ex Parte Application for Order Shortening Time to Have Motion to Compel Heard." Dkt. 339.

The Application is denied for several reasons. *First,* there is no showing of an emergency of the sort that justifies a request for ex parte relief. As noted, Plaintiff has been aware for many months of the discovery cut-off date as well as the complexities associated with the discovery process with respect to the medical records of individual patients. Given these facts, Plaintiff should not have waited until a week before the discovery cut-off to seek emergency, ex parte relief. By failing to seek relief earlier through a noticed motion process, Plaintiff has created the claimed emergency. This conclusion has particular support in this action given the numerous scheduling and discovery status conferences conducted by the Court as part of case management. *E.g.,* Dkt 40, Dkt. 140, Dkt. 201, and Dkt. 270.

*Second,* the process for the production of documents sought by Plaintiff through the Application began

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-01031 JAK (RZx) | Date | March 20, 2013 |
|---|---|---|---|
| Title | United States of America, et al. v. Aurora Las Encinas, LLC, et al. | | |

when Plaintiff served Rule 34 requests on September 20, 2011, approximately 18 months ago. As noted, this led to an extensive and complex briefing and hearing process during which Judge Zarefsky conducted hearings and issued several written orders, certain of which were then reviewed by this Court. The last substantive order issued more than eight months ago. In light of this procedural history, Plaintiff has had ample notice of the complexity of the issues and the need for the diligent pursuit of both discovery and any claims that Defendants had not fulfilled their discovery obligations.

*Third,* a substantial volume of documents has been produced by Defendants, including those identified in the materials filed in support of the Application as well as those identified in the opposition to the Application. Plaintiff has not made a sufficient showing as to why the materials that have been produced are not adequate to present in support of the claims advanced. Further, with respect to several categories of documents sought by Plaintiff, there is not a sufficient showing that Defendants have failed to produce them to warrant the granting of the emergency relief sought by the Application.[1]

*Finally,* Plaintiff's suggestion that the Court implied that it might extend the discovery process during the course of the case, is unpersuasive. There have been no prior orders with respect to the relief that is now sought. Moreover, as explained above, certain discovery propounded by Plaintiff in this matter has raised complex issues because it sought highly confidential medical information about patients. Judge Zarefsky and this Court each recognized this complexity in the handling of discovery and other matters in this action. During the many months that the action has been pending, the Court has taken numerous actions as part of management of the case, including the granting of various extensions of time for the completion of discovery and trial. However, civil actions must proceed on reasonable schedules, determined on a case-by-case basis. Given the history of this action, the current schedule is appropriate and reasonable.

**IT IS SO ORDERED.**

cc:  Magistrate Judge Ralph Zarefsky

:

Initials of Preparer    ak

---

[1] Again, this conclusion does not address the merits of the Ex Parte Application now pending before Judge Zarefsky, including any determination with respect to whether, if a motion to compel is heard, an order should be made to compel Defendants to produce additional documents or other information. To the extent that Defendants are ordered to produce further documents or other information in response to such a motion, the Court may consider whether any additional time for narrow and limited discovery should be permitted, so long as it would not affect the current trial date. For example, such additional, narrow discovery may be deemed appropriate with respect to the admissibility of such additional documents or other information.