**COLLEEN FLYNN**, SBN 234281
 *cflynnlaw@yahoo.com*
ATTORNEY AT LAW
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA 90010
Telephone: (213) 252-9444
Facsimile: (213) 252-0091

**PAULA PEARLMAN**, SBN 109038
 *Paula.pearlman@lls.edu*
**MICHELLE UZETA**, SBN 164402
 *Michelle.uzeta@lls.edu*
**RONALD ELSBERRY**, SBN 130880
 *Ronald.elsberry@lls.edu*
**RICHARD DIAZ**, SBN 285459
 *Richard.diaz@lls.edu*
DISABILITY RIGHTS LEGAL CENTER
800 S. Figueroa Street, Suite 1120
Los Angeles, California 90017
Telephone: (213) 736-1496
Facsimile: (213) 736-1428

**MARK A. KLEIMAN**, SBN 115919
 *mkleiman@quitam.org*
LAW OFFICES OF MARK ALLEN KLEIMAN
2907 Stanford Avenue
Venice, CA 90292
Telephone: (310) 306-8094
Facsimile: (310) 306-8491

Attorneys for Relator/Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES of AMERICA and THE STATE of CALIFORNIA, *ex rel.,* SHELBY EIDSON,<br><br>*Plaintiffs*,<br><br>vs.<br><br>AURORA LAS ENCINAS LLC, LINDA PARKS, SIGNATURE HEALTHCARE SERVICES LLC, AND DOES 1 THROUGH 10, jointly and severally,<br><br>*Defendants*. | Case No.: 2:10-cv-1031 JAK (RZx)<br><br>RELATOR'S EX PARTE APPLICATION TO COMPEL DEFENDANTS' IMMEDIATE COMPLIANCE WITH PRIOR COURT ORDERS AND FOR RECONSIDERATION OF RELATORS' MOTION TO EXTEND TIME FOR FACT DISCOVERY |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Federal Rules of Civil Procedure 16 and Local Rule 7-19, Relator/Plaintiff Shelby Eidson, hereby applies ex parte for an order compelling defendants' immediate compliance with prior Court orders and for reconsideration of Relator's motion to extend time for fact discovery.

Good cause exists for this request. 1) On March 29, 2013, defendants Hospital and Signature filed a motion for summary judgment. Their exhibits, filed under seal, were delivered to Relator's counsel by mail today, April 1, 2013. To meaningfully and substantively oppose defendants' motion for summary judgment, Relator requires documents defendants have been ordered to produce, but have failed to produce, and requires the deposition of Dr. Soon K. Kim and P. Blair Stam. (See Dkt. no. 385, filed March 29, 2013). 2) Judge Zarefsky granted in part both of Relator's motions to compel discovery. Dkt. Nos. 159 &250. The parties have met and conferred repeatedly regarding the inadequacy of the Hospital and Signature's document production. The Hospital and Signature have produced documents piecemeal, and as recently as January 31, 2013, with Defendants' Fifth Supplemental Responses to Plaintiff's Requests for Production, Set One. Still, however, the Hospital and Signature have failed to produce all of the responsive documents ordered by Judge Zarefsky. 3) The deposition schedule was extremely contested by Defendants, who employed numerous delaying tactics in an effort to prevent Relator from deposing witnesses. Indeed, mere days before the court's discovery cut-off date, defendants refused to present two of the most important witnesses, Dr. Soon Kim, who owns both the Hospital and defendant Signature, and Blair Stam, Vice President of Signature. Among other things, these individuals are the persons likely most knowledgeable of alleged fraudulent billing practices and worthless services provided by both the Hospital and Signature. 4) Preventing Relator from seeking additional patient charts unreasonably kettles her ability to present the extent of Defendants' worthless services to a jury and unfairly prejudices the federal and state governments in their ability to recoup all taxpayer money which a jury may find to have been

2

**Relator's Ex Parte Application to Compel Defendants' Immediate Compliance with Prior Court Orders & Reconsideration of Relator's Motion to Extend Fact Discovery**

fraudulently billed by defendants.

This application is made ex parte because of the immediacy of opposing defendants' motion for summary judgment filed March 29, 2013. Relator's need for a modification of the scheduling order and an extension to oppose defendants' motion for summary judgment is clearly emergent because her case would be greatly prejudiced if she were 1) unable to obtain documents ordered produced by defendants and 2) unable to depose Dr. Kim and Mr. Stam. The application is made in good faith and with no improper purpose. Relator has timely and diligently attempted to obtain the documents and the completed depositions but, due to factors outside of her control, has been unable to do so. Thus, the Court is respectfully requested to consider this Application on an ex parte basis and for the reasons set forth above.

This ex parte application is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Colleen Flynn, all pleadings and papers on file herein, all matters of which the Court may take judicial notice, and such oral argument as the Court might entertain at a hearing on this application.

Relator has notified defendants that she would be filing this ex parte application. Counsel for defendants are Debra Spicer, Alan Gilchrist and Patric Hooper.  Pursuant to L.R. 7-19, counsel's business contact information is as follows:

ALAN G. GILCHRIST
THE HEALTH LAW PARTNERS, P.C.
29566 Northwestern Hwy., Ste. 200
Southfield, MI 48034
Telephone: (248) 996-8510
Facsimile: (248) 996-8525
E-mail: agilchrist@thehlp.com
Attorneys for Defendants
SIGNATURE HEALTHCARE SERVICES,
LLC and AURORA LAS ENCINAS, LLC

   Debra A. Spicer, Esq.
   Law Office of Debra A. Spicer, P.C.
   The Penobscot Building
   645 Griswold St., Suite 1717

    Detroit, MI 48226
    Telephone: (313) 961-2100
    Facsimile: (313) 961-2333
    E-Mail: dspicer@spicerlaw.com
Attorneys for Defendants
SIGNATURE HEALTHCARE SERVICES,
LLC and AURORA LAS ENCINAS, LLC

    Patric Hooper, Esq.
    Hooper, Lundy & Bookman, P.C.
    1875 Century Park East, Suite 1600
    Los Angeles, CA 90067-2517
    Telephone: (310) 551-8111
    Facsimile: (310) 551-8181
    E-Mail: phooper@health-law.com
    Attorneys for Defendant LINDA PARKS

DATED: April 1, 2013

**COLLEEN FLYNN**
**MARK KLEIMAN**
**DISABILITY RIGHTS LEGAL CENTER**

By     /s/ Colleen Flynn
      Colleen Flynn
    Attorney for Plaintiff/Relator

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION.

Plaintiff/Relator Shelby Eidson applies ex parte for an order modifying the scheduling order and compelling Defendants Aurora Las Encinas Hospital, LLC ("Hospital") and Signature Healthcare Services, LLC, ("Signature") to comply with Magistrate Judge Zarefsky's prior court orders dated January 19, 2012, Order on Discovery Motions, Dkt. no. 159 and August 28, 2012, Final Order on Plaintiff's Motion to Compel, Dkt. no. 250.

The orders explicitly require defendants to produce, with certain restrictions, patient records and other documents responsive to Relator's Requests for Production, Set One. Furthermore, defendants' supplemental responses to Relator's requests for production on multiple occasions stated they would be submitting their discovery responses "in the near future." (Hospital and Signature Second & Third Supp. Responses to Plaintiff's Requests for Production, Set One).

The parties have met and conferred repeatedly regarding the inadequacy of the Hospital and Signature's document production.  The Hospital and Signature have produced documents piecemeal, and as recently as January 31, 2013, with Defendants' Fifth Supplemental Responses to Plaintiff's Requests for Production, Set One.  Still, however, the Hospital and Signature have failed to produce all of the responsive documents ordered by Judge Zarefsky.

Relator's good faith efforts to obtain the Hospital and Signature's voluntary compliance with the Court's orders and their discovery obligations have been met with resistance and uncooperative behavior. No extensions have been requested by defendants and they have offered no explanation to the Court to justify noncompliance.  Yet defendants have simply refused to comply.

Defendants should not be rewarded for their recalcitrant behavior throughout the discovery process.

Accordingly, Relator seeks two forms of relief, on an expedited basis:

- An order compelling immediate compliance; and

5
**Relator's Ex Parte Application to Compel Defendants' Immediate Compliance with Prior Court Orders &
Reconsideration of Relator's Motion to Extend Fact Discovery**

- An order extending relator's time for fact discovery in light of the 'scorched earth' defense she is being forced to overcome.

As requested in her "Ex Parte Application to Compel the Previously Noticed Percipient Witness Depositions of Dr. Soon K. Kim and P. Blair Stam," Dkt. no. 385, Relator also seeks to complete the depositions of P. Blair Stam, Executive Vice-President of Signature, and Dr. Soon K. Kim, sole owner of both Signature and the Hospital. Dr. Kim and Mr. Stam are both on the board of directors of the Hospital; the board is the top of the chain of command at the Hospital, above the CEO.

Relator sought to bring this matter before Judge Zafefsky. However, after this Court denied Relator's application to modify the scheduling order, Dkt. no. 338, Judge Zarefsky denied Relator's Ex Parte Application for Order Shortening Time to Have Motion to Compel Heard. Dkt. no. 359, filed 3.20.13. However, Judge Zarefsky denied the application not on the merits of the motion to compel, but because the joint stipulation for the motion compelling discovery was not provided to him. Relator's counsel requests the opportunity to present to Judge Zarefsky her portion of the joint stipulation for a motion to compel production of documents he already ordered defendants to produce. Relator's portion of the joint stipulation is attached as Exhibit A to the declaration of Colleen Flynn, filed herewith.

These documents and depositions are required to substantively and meaningfully oppose defendants' motion for summary judgment. Defendants have refused to produce both the documents and deponents despite Relator's timely and diligent attempts to obtain defendants' compliance. In light of the March 15, 2013 discovery cut-off, judicial intervention is required.

Relator furthermore requests the Court reconsider its denial of Relator's Ex Parte Application for an Order Modifying the Scheduling Order. Dkt. no. 338. On March 7, 2013 Relator acknowledges that she did not include in that application the history of defendant's disobedience to prior court orders and its obstruction of lawful discovery because these were not the sole reasons she sought such an extension and, had that application been granted, Relator would have taken this issues up with Magistrate Judge Zarefsky and not this Court. Relator, however, must now ask this Court to reconsider its ruling of March 20, 2013 (Dkt. 338), denying her application.  Relator seeks reconsideration because without it the

6

**Relator's Ex Parte Application to Compel Defendants' Immediate Compliance with Prior Court Orders &
Reconsideration of Relator's Motion to Extend Fact Discovery**

1  defendants' willful obstruction will be allowed to effectively nullify court orders and will
2  thwart the strong public policy that cases, and especially cases like this one, ought be
3  decided on their merits.  Relator apologizes for any inconvenience it has caused the Court in
4  having to reconsider this question, but submits this instant motion in an effort to address the
5  Court's concerns as stated in the March 20, 2013 ruling.

Preventing Relator from seeking additional patient charts unreasonably kettles her ability to present the extent of Defendants' worthless services to a jury and unfairly prejudices the federal and state governments in their ability to recoup all taxpayer money which a jury may find to have been fraudulently billed by defendants.

## II.     LEGAL STANDARD.

A party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). This phrase, "relevant to the subject matter involved in the pending action," has been broadly construed to include any matter that bears on, or that could reasonably lead to other matters that bear on any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

The Ninth Circuit has recognized that, "[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A court's scheduling order may be modified upon a showing of "good cause," an inquiry that focuses on whether the moving party has been reasonably diligent. Fed.R.Civ.P.16(b); *Noyes v.Kelly Servs*., 488F.3d 1163,1174 n.6 (9th Cir. 2007) (citing *Johnson*, 975 F.2d at 609). "When considering a motion for leave to take additional discovery after the cut-off, the court shall consider all relevant factors, including: (1) the moving party's diligence; (2) the foreseeability of the need for additional discovery; (3) the trial schedule; (4) any response from non-moving and third parties; (5) the likelihood that the discovery will lead to relevant evidence; and (6) any prejudicial effect." *Optimumpath, LLC v. Belkin Int'l, Inc*., No. 09-1398, 2010 WL 4279501, at*2, citing *Tyco Thermal Controls LLC v. Redwood Indus*., No. 06-7164, 2010 WL 2353533, at *2 (N.D. Cal. June 9, 2010).

Under Rule 56(f), if a party cannot present by affidavit "facts essential to justify the

party's opposition" to a motion for summary judgment, the district court "may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed.R.Civ.P. 56(f). " 'A party must show how additional discovery would preclude summary judgment and why the party cannot immediately provide "specific facts" demonstrating a genuine issue of material fact.' " *United States v. One 1985 Mercedes*, 917 F.2d 415, 418 (9th Cir.1990) (quoting *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 524 (9th Cir.1989)).

      The primary purpose of Rule 56(f) is to ensure that parties have a reasonable opportunity to prepare their case and to ensure against a premature grant of summary judgment. *Price v. General Motors Corp.*, 931 F.2d 162, 164 (1st Cir.1991) (citing to 10A Wright, Miller & Kane, Federal Practice & Procedure Sec. 2740 (1983)). District courts will appropriately refuse to grant a continuance if the parties have not diligently pursued discovery. *Hawaii Carpenters' Trust Funds v. Henry*, 906 F.2d 1349 (9th Cir.1990) (no continuance where during eleven month discovery period party made one attempt to contact employees, received a response, and failed to follow up and depose the employee); *United States v. Bob Stofer Oldsmobile Cadillac*, 766 F.2d 1147, 1152-53 (7th Cir.1985) (denial of continuance appropriate where appellant does not seek continuance until one month after discovery cut off and fails to explain why dilatory); *Landmark Dev. Corp. v. Chambers Corp.*, 752 F.2d 369, 372 (9th Cir.1985) (denial of continuance appropriate where appellants had reasonable access to information during ten month discovery period and failure to take depositions was due to appellants' own delay). As shown *infra,* Relator has diligently sought to obtain documents and schedule and complete depositions. Nevertheless, Relator is faced with the emergency of not having all documents ordered disclosed an not having been able to complete the depositions of two of the most important witnesses in her case. This outstanding discovery, pending from before the discover cut-off, is absolutely necessary to help prove Relator's allegations, defend against defendants' counter-claims against Relator, and to submit a meaningful and substantive opposition to Defendants' Hospital and Signature's Motion for Summary Judgment.

**Relator's Ex Parte Application to Compel Defendants' Immediate Compliance with Prior Court Orders & Reconsideration of Relator's Motion to Extend Fact Discovery**

### III. ARGUMENT.

#### a. Defendants' refusal to produce witnesses and documents constitutes an emergency, necessitating modification of the scheduling order.

Relator's need for a modification of the scheduling order and an extension to oppose defendants' motion for summary judgment is clearly emergent because her case would be greatly prejudiced if she were unable to obtain documents ordered produced by defendants and unable to depose Dr. Kim and Mr. Stam. This discovery is necessary to 1) oppose defendants' motion for summary judgment, 2) prove the allegations in Relator's Fourth Amended Complaint, and 3) to defend against counterclaims defendants have brought against Relator. Dkt. no. 219.

#### b. Relator has diligently sought to obtain documents and testimony prior to the discovery cut-off date.

On September 20, 2011, Plaintiff served on Defendants her Requests for Production of Documents, Set One. In light of defendants' recalcitrance at producing documents, Relator has actively litigated the disclosure of patient charting and billing records responsive to those Requests (See Dkt. Nos. including 184, 204, 241), resulting in several orders from this Court in Plaintiff's favor. (Dkt. Nos. 213, 250, and 264.) When defendants still failed to produce all documents Relator met and conferred with defendants resulting in their further production of documents as recently as January 31, 2013, with Defendants' Fifth Supplemental Responses to Plaintiff's Requests for Production, Set One. Defendants served their Third Supplemental Responses on October 17, 2012 and their Fourth Supplemental Responses on January 23, 2013.

Relator also diligently sought to obtain the completed depositions of Dr. Kim and Mr. Stam. For a detailed account of Relator's attempts, see Ex Parte to Compel Previously Noticed Depos of Dr. Kim and Mr. Stam, Dkt. No. 385, filed 3.29.13.

#### c. Delay Caused by defendants.

While Relator acknowledges that her request for modification of the scheduling order was only recently submitted to the Court, said request was submitted *prior to* the discovery

cut-off date. Dkt. no 338, filed March 7, 2013. Relator made repeated efforts to avoid burdening the Court with such requests by first seeking documents from and to schedule depositions with defendants. Defendants repeatedly represented that such production responses "were coming soon." However, when it became clear that defendants had no intention to present certain witnesses or documents, Relator was forced to seek an extension of the discovery period. While the parties have previously stipulated to modify the scheduling order, this is the first such request Relator has made.

Relator agrees with this Court that the case has faced constant delays since being unsealed in late 2010. However, Relator asserts that such delays have been caused by defendants who have bombarded the Court and Relator with moving target motions to dismiss on a rolling basis. A considerable amount of Relator's time has been spent not only responding to repetitive and meritless motions, but also on constantly pursuing Court orders to force defendants to produce documents and witnesses. (See Judge Zarefsky Order Denying Defendant Parks Motion for Protective Order, Dkt. No. 337; Order on Discovery Motions, Dkt. no. 159 and August 28, 2012, Final Order on Plaintiff's Motion to Compel, Dkt. no. 250).

### d. Relator has sufficiently demonstrated that documents and testimony withheld by Defendants is critical to her ability to present her case.

Defendants have not only failed to provide Relator with documents as ordered by the Court, they have utilized such documents in several depositions. That is, defendants provided select sections from patient charts *never provided to Relator*, and questioned witnesses as to such documents. For example, in the February 28, 2013 deposition of Mark Cline, defendants asked Mr. Cline to review treatment planning documents pertaining to Patient 56. Prior to this deposition, Relator had not been provided a single document from this Patient's chart. Likewise, during the March 1, 2013 deposition of Kimberly Cabrera, Relator's mother, defendants presented select documents from two other patient's charts: Patient 34 and Patient 19. The charting documents provided to Mr. Cline and Mrs. Cabrera during their depositions were not bates stamped, as further evidence that they were never provided to Relator.

To allow defendants to present evidence in depositions that they have been ordered to produce to Relator but have not is fundamentally flawed. In such a scenario, defendants are in possession of key evidence that Ms. Eidson cannot possibly dispute or review because she has never received it. How could Relator possibly provide a meaningful response to defendant's claims if she is denied access to the evidence they are based upon? Furthermore, the fact that defendants have produced such documents during depositions indicates that: 1) defendants have identified and redacted such documents; 2) defendants have utilized such documents to mount a defense against Ms. Eidson's claims, and 3) which begs the question: Why haven't defendants produced these documents to Relator, especially since already being ordered to do so by Judge Zarefsky?

Indeed, even the small sampling of patient charts pertaining to Patients 19, 34, and 56 presented by defendants during the aforementioned depositions revealed the exact problems that Relator alleged in her FAC. For example, in her FAC, Ms. Eidson alleges that Patient 56 did not receive adequate treatment planning, which is required by the Medicare program. When asked about Patient 56's charting documents, presented by defendants during deposition, Mark Cline, a former Nursing Supervisor at defendant Hospital, stated that the charting documents he viewed were indeed blank and incomplete. When asked if it was "normal for all these spaces to be blank in a treatment plan?," Mr. Cline replied: "Everything is supposed to be filled in on the left side and the right side, yeah." (Cline Dep., p.55, line 4-12).

When asked if it was policy at Las Encinas for treatment plans to be completed after discharge, Mr. Cline replied that it "happened quite frequently." Mr. Cline even admitted that he would often go to the Medical Records department to complete treatment plans on patients long after they had discharged. ("I would go to medical records and complete them after the fact, after the patient left.") (Cline Depo, p. 52, line 15-17).

Clearly, in withholding such documents, defendants seek to gain an unfair advantage against Relator because they realize that the evidence in their possession reveals her allegations to be true.

Furthermore, Defendants have failed to produce not only patient records but memos as well as complaints, occurrence reports, and kronos sheets with complaints written by Relator. See, for example, Plaintiff's Request for Production No. 12, "Any and all writings to or from Shelby Eidson or referring to or relating to Shelby Eidson;" Order on Discovery Motions, (Dkt. No. 159), regarding Request No. 12: "the motion is granted;" and December 13, 2012 meet and confer letter to Defendants, page 2, filed under seal, Dkt. no. 358. In fact, Defendants Aurora and Signature have turned over very few internal memos, including memos to and from Defendant Parks, yet claim to have turned over all they have.

### e.  Relator is entitled to all documents Judge Zarefsky ordered produced.

Relator does not dispute that defendants, after many months, submitted a substantial number of documents. However, the mere fact that Defendants turned over substantial documents does not mean they have turned over *all required documents*. Relator is entitled to all documents Defendants were ordered to produce, not just a "substantial" portion of such documents. For example, regarding patient documents defendants were ordered to turn over, Patient 52 was at the hospital for over a year, and thus her chart is voluminous and substantially longer than others. Simply because defendants turned over some charts does not render it unnecessary for Relator to access *all* charts pertaining to patients referenced in the FAC.

### f.  Relator should have the opportunity to seek additional patient charts.

Relator requests the Court reconsider its denial of Relator's request to seek additional patient charts. Because even limited documents defendants have produced substantiate Relator's claims that defendants have provided grossly sub-standard care and worthless services to patients at the Hospital, Relator should have the opportunity to seek additional patient charges. As recently obtained documents from the Los Angeles County of Mental Health show, issues alleged in Relator's complaint continue to the present at Aurora Las Encinas Hospital. Preventing Relator from seeking additional patient charts unreasonably kettles her ability to present the extent of Defendants' worthless services to a jury and

unfairly prejudices the federal and state governments in their ability to recoup all taxpayer money which a jury may find to have been fraudulently billed by defendants.

### g. Good cause exists for a modification of the scheduling order.

Good cause exists in the instant matter because (1) defendants refused, mere days before the court's designated discovery cut-off date, to present two witnesses noticed well before the discovery cut-off date; (2) defendants have failed to provide critical documents as ordered by Judge Zarefsky (defendants have thus far provided a mere eleven (11) charts to Relator); (3) numerous depositions were only recently completed and their corresponding transcripts have only recently arrived or have yet to arrive; (4) in order for Plaintiff's expert to give an adequate expert report relating to the depositions taken, and, (5) Relator simply cannot submit a meaningful response to defendants' Summary Judgment Motion without collecting the aforementioned evidence.

To meet Rule 16's 'good cause' standard, the movant may be required to show: (1) that [the movant] was diligent in assisting the [C]ourt in creating a workable Rule 16 [O]rder; (2) that [the movant's] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the movant's] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [the movant] was diligent in seeking amendment of the Rule 16 [O]rder, once it became apparent that [the movant] could not comply with the [O]rder." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)*; Cf. Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, Inc*., 116 F.R.D. 363, 365-66 (M.D.N.C.1987) ("Good cause" is shown where there are "extenuating circumstances.").

Therefore, the 'good cause' standard is met where, as here, the moving party was faced with an unforeseeable impediment to completing discovery (when, mere days before the cut-off, defendants refused to produce two of the persons most knowledgeable of Relator's allegations).

Defendants' refusal to fully comply with the magistrate's order or present witnesses

for deposition simply could not have been reasonably foreseen as defendants did not make the decision to deny Relator access to these witnesses until mere days before the discovery cut-off date.

      Although the discovery cutoff date has passed, ordering immediate compliance with previous orders and modifying the scheduling order is reasonable under the circumstances. "All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43-44 (1991)). "'These powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."'" *ODS Techs., L.P. v. Magna Entm't Corp.*, 583 F. Supp. 2d 1141, 1143 n.1 (C.D. Cal. 2008) (quoting *Chambers*, 501 U.S. at 43). Because a Court may "enforce compliance with its lawful orders through civil contempt," *Distribs. Ass'n Warehousemen's Pension Trust v. Foreign Trade Zone 3, Inc.*, No. C05-1161 SBA, 2009 WL 975786, at *1 (N.D. Cal. Apr. 9, 2009) (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966)), it may also take any action short of civil contempt reasonably within the scope of its inherent powers to achieve compliance with its Orders.

### h. Relator Has Shown Good Cause for Continuing the Hearing on Defendants' Motion for Summary Judgment.

      Defendants Hospital and Signature filed a motion for summary judgment March 29, 2013, set for hearing on April 29, 2013, the last day to hear motions under the Court's current Scheduling Order. The voluminous exhibits to Defendants motion for summary judgment were filed under seal and not received by Relator's counsel until today, April 1, 2013. The current schedule leaves Relator a mere week to prepare her opposition. Defendants' filing date of their motion for summary judgment violates this Court's Standing Order that states, "Whenever possible, the party moving for summary judgment should provide more than the minimum twenty-eight (28) day notice for motions." Furthermore, because Relator not only needs to take the depositions of Dr. Kim and Mr. Stam to be able to submit a meaningful and substantive opposition to Defendants' motion, she also needs

access to documents in defendants possession that they have been ordered to disclose but have refused to do so. The Court, therefore, should therefore continue the hearing on Defendants' motion. *Rux v. Starbucks Corp.,* 2007 WL 273917 at*1.

### IV.   CONCLUSION.

As discussed above, the Court's prior discovery orders should be enforced. A reasonable extension of fact discovery, an extension to oppose defendants' motion for summary judgment and the establishment of new dates for expert discovery are necessary to give effect to these orders. The Court should continue the hearing on defendants' motion for summary judgment until after documents have been produced and the depositions of Dr. Kim and Mr. Stam are completed.

Respectfully submitted,
DATED:  April 1, 2013

**COLLEEN FLYNN**
**MARK KLEIMAN**
**DISABILITY RIGHTS LEGAL CENTER**

By        /s/ Colleen Flynn
Colleen Flynn
Attorney for Plaintiff/Relator