COLLEEN FLYNN, SBN 234281
cflynnlaw@yahoo.com
ATTORNEY AT LAW
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA 90010
Telephone: (213) 252-9444
Facsimile: (213) 252-0091

PAULA D. PEARLMAN, SBN 109038
paula.pearlman@lls.edu
MICHELLE UZETA, SBN 164402
michelle.uzeta@lls.edu
RICHARD DIAZ, SBN 285459
richard.diaz@lls.edu
DISABILITY RIGHTS LEGAL CENTER
DISABILITY RIGHTS LEGAL CENTER
800 S. Figueroa Street, Suite 1120
Los Angeles, California 90017
Telephone: (213) 736-1496
Facsimile: (213) 736-1428

MARK A. KLEIMAN, SBN 115919
mkleiman@quitam.org
LAW OFFICES OF MARK ALLEN KLEIMAN
2907 Stanford Avenue
Venice, CA 90292
Telephone: (310) 306-8094
Facsimile: (310) 306-8491

Attorneys for Plaintiff/Relator

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES of AMERICA and THE STATE of CALIFORNIA, *ex rel.,* SHELBY EIDSON,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>AURORA LAS ENCINAS LLC, , SIGNATURE HEALTHCARE SERVICES LLC, AND DOES 1 THROUGH 10, jointly and severally,<br><br>　　　　Defendants. | CASE NO.: 2:10-cv-1031 JAK (RZx)<br>(Hon. John A. Kronstadt)<br><br>**RELATOR'S REPLY TO DEFENDANTS' OPPOSITION TO RELATOR'S MOTION IN LIMINE NO. 5 TO EXCLUDE EMAILS BETWEEN DR. HARASZTI AND THE RELATOR, IN THEIR ENTIRETY, PURSUANT TO FEDERAL RULES OF EVIDENCE 401, 402, AND 403**<br><br>DATE: 　　June 6, 2013<br>TIME: 　　2:30 P.M.<br>CRTRM: 　750 |

1

Plaintiff hereby submits the following in Reply to Defendants' Opposition to Plaintiff's Motion in Limine No. 5 to Exclude Emails Between Dr. Haraszti and the Relator, in Their Entirety Pursuant to Federal Rules of Evidence 401, 402, and 403.

## I. DEFENDANTS' ACCUSATIONS OF FACTUAL MISSTATMENTS ARE WITHOUT MERIT

Defendant's claim that Relator's motion contains factual misstatements is false. Relator's representation that no party intends to call Dr. Haraszti as a witness is supported by the parties' witness lists, filed with the court on May 18, 2013. (Doc. 485 & 487). Relator's representation that Defendants failed to identify the specific emails they planned to admit into evidence is supported by email exchanges between Relator's counsel and Defense counsel. (Declaration of Richard Diaz **Exhibit A**). The email between Relator's counsel and the Defendants show that they did not give precise email time stamps on several emails that were sent on the same date. Furthermore, the Defendants used vague language as to whether the list provided would be the entire list that they would introduce at trial. Finally, Relator did file another motion in limine to exclude portions of the emails in question. In this separate motion in limine, Relator was forced to assume, for several emails, what exactly the Defendants were intending to enter into evidence. There was a lack of clarity by the Defendants in setting forth which emails they intended to introduce. As Defendants' allegations of factual misstatement have been proven false, Relator's motion in limine should be granted.

## II. THE EMAILS BEWTEEN DR. HARASZTI AND RELATOR ARE NOT RELVANT TO THE INSTANT ACTION

As detailed in Relator's moving papers, the Emails between Dr. Haraszti and the Relator should be excluded pursuant to the Federal Rules of Evidence 401, 402, and 403. The information contained within the emails from Dr. Haraszti are not relevant to the issue of whether Medicare or Medi-Cal were defrauded by the Hospital, or whether

worthless services were provided to the patients seeking treatment there. In regards to the counterclaims filed against Relator, the emails are arguably minimally relevant – but do not prove that Relator acted outside of activities protected under the False Claims Act. *See* 31 U.S.C. § 3730. As Realtor argued in her motion, any such minimal relevance is substantially outweighed by the emails' certainty to mislead and confuse the jury and to force the Relator to spend an inordinate amount of time rebutting or contextualizing matters of no real consequence to the issues in this case. (See also, Section III below.)

As the emails sought to be admitted are irrelevant, they must be excluded pursuant to Federal Rules of Evidence 402.

### III. EVEN IF THIS COURT DETERMINES THE EMAILS BETWEEN DR. HARASZTI AND THE RELATOR ARE RELEVANT, THEIR INTRODUCTION IS PRECLUDED BY FEDERAL RULES OF EVIDENCE 403

The emails Defendants seek to introduce would confuse issues, mislead the jury, cause delay, waste time and unfairly prejudice Relator. The Defendants claim that the emails should not be precluded by Rule 403 because the emails are not unfairly prejudicial. As cited by Defendants, evidence is unfairly prejudicial if it makes a finding more likely because it provokes an emotional response or otherwise tends to affect adversely the jury's attitude. *United States v. Ramirez-Jiminez*, 967 F.2d 1321, 1327 (9th Cir.1992). Relator has set out how the emails contain flirtatious and irrelevant comments to Dr. Haraszti that would no doubt provoke an emotional response from the jury. The emails contain sexual references and comments that taken out of context could adversely affect the jury's attitude toward Relator, even though they have minimal relevance to the claims in this case.

In *Monotype Corp. PLC v. International Typface Corp.*, the United States Court of Appeals affirmed a district court's decision to exclude emails as evidence for trial. *Monotype Corp. PLC v. International Typface Corp.*, 43 F.3d 443, 450 (9th Cir. 1994).

The district court rejected defendant's arguments and granted Plaintiff's motion in limine to exclude emails that contained derogatory and offensive remarks because the prejudicial nature of the evidence outweighed any of its relevancy. *Id.* Similar to *Monotype*, Relator's emails contain many remarks that would likely be offensive to many jurors, clouding their judgment and outweighing any possible relevance that they might have.

Lastly, Defendants true intention in introducing Relator's emails is to try and embarrass and humiliate her and prejudice the jury against her. The Defendants seek to expose her personal conversations that have no relevance to claims in this action.

## IV.  CONCLUSION

Based on the foregoing, Relator respectfully requests Relator's Motion in Limine No.5 be granted to avoid undue prejudice to Relator.

DATED: May 23, 2013          Respectfully submitted,

COLLEN FLYNN
MARK A. KLEIMAN
DISABILITY RIGHT LEGAL CENTER


    /S/ Richard Diaz
Richard Diaz
Attorneys for Plaintiffs